## WESTERN UNION TELEGRAPH CO. v. COOPER.

(Circuit Court, S. D. Georgia, W. D.   November 18, 1910.)

1. COURTS (§ 508*)—INJUNCTION BY FEDERAL COURT AGAINST ACTION IN STATE COURT—PRIORITY OF JURISDICTION.

The removal into a federal court of an action for malicious prosecution on a charge of larceny after trust does not warrant the federal court in granting an injunction to restrain plaintiff from prosecuting a second action in the state court for malicious prosecution on a charge of forgery, the two causes of action being separate and distinct, where under the state statutes the two prosecutions could not have been consolidated, and on conviction would have subjected plaintiff to separate and different punishments.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 508.*

Enjoining proceedings in state courts, see notes to Garner v. Second Nat. Bank, 16 C. C. A. 90; Central Trust Co. v. Grantham, 27 C. C. A. 575; Copeland v. Bruning, 63 C. C. A. 437.]

2. COURTS (§ 508*)—INJUNCTION BY FEDERAL COURT AGAINST ACTION IN STATE COURT—PRIORITY OF JURISDICTION.

In such case, however, plaintiff will be enjoined from pleading and proving as an element of damages in the second suit the same expenses of defending the prosecutions that are set up in the first action.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 508.*]

In Equity. Suit by the Western Union Telegraph Company against John A. Cooper for an injunction. Limited injunction granted.

William L. Clay, for plaintiff.
Max Isaac and Talley & Heyward, for defendant.

SPEER, District Judge (orally). In this case John A. Cooper brought an action for damages, laid in the amount of $25,000, against the Western Union Telegraph Company. This was brought in the city court of Brunswick. The plaintiff sought to recover damages alleged to have been sustained by him because of what he avers to be a malicious prosecution brought against him for the offense of larceny after trust. He was, as I understand, a clerk or agent of the defendant company. This defendant removed the case to the Circuit Court of the United States for the Eastern Division of this District. It has been recently brought, and is still pending. After the removal, the plaintiff brought another action in the same state court for $1,999 damages, alleged to have been sustained by him for a malicious prosecution for forgery on the part of the same defendant. The last suit, it will be seen, is for less than the amount necessary to jurisdiction here. This must exceed $2,000, exclusive of interests and costs. The Western Union Telegraph Company, the defendant, seeks in this proceeding to enjoin the second action brought by the plaintiff in the state court, wherein he alleges damages for malicious prosecution for forgery, and the proceeding is based upon the ground that both prosecutions are for one and the same cause, and that the case first removed drew to it the jurisdiction and duty on the part of the court to determine all of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

alleged wrongs connected with the transaction, including the charge of forgery set up in the second suit brought in the state court.

The question is not entirely free from difficulty. It is, of course, the duty of the Circuit Court of the United States to protect citizens of other states who are sued in the state courts, and who properly invoke the jurisdiction granted by the Constitution and the removal laws, based on diversity of citizenship, or other proper ground; and it has been held in more than one case that this court can avail itself of the remedy of injunction to stay proceedings in the state court relating to a cause which has been removed, when such proceedings are obviously intended to avoid the effect of the removal statutes and to defeat a citizen of another state of his right to have his controversy tried in the Circuit Court of the United States.

In French, Trustee, v. Hay, 22 Wall. 250, note, 22 L. Ed. 857, opinion by Mr. Justice Swayne, the learned justice states that in his opinion "a stronger equity can hardly exist," and if an injunction could not be given the result would have shown the existence of a great defect in our federal jurisprudence, and have been a reproach upon the administration of justice. A notable application of the doctrine here announced may be found in Dietzsch v. Huidekoper, 103 U. S. 498, 26 L. Ed. 497; also in Wadley v. Blount (C. C.) 65 Fed. 676. In French, Trustee, v. Hay, supra, it is held that:

"The prohibition in the judiciary act against the granting of injunctions by the courts of the United States touching proceedings in state courts has no application here."

It is, however, true that the remedy of injunction against a party in a state court should only be utilized by this court in cases of great clearness, where it is obvious that there is an attempt to defeat the constitutional jurisdiction resulting from the removal. Sinclair v. Pierce, 50 Fed. 852. The practical test here is this: Do the several prosecutions alleged to be malicious, for which damages are claimed, necessarily constitute one and the same cause of action? It is true that they all may be based upon the grievance the telegraph company alleges against its former agent. Granting that he may have been a defaulter, that he may have been an embezzler, and also a forger, are the charges which were presented by the grand jury of the state court at the instance of the defendant essentially the same? Are they not, indeed, distinct crimes, defined by separate statutes? Could they be consolidated and tried in one proceeding in this court? Or, more pertinently, could they be consolidated and thus tried in the state court? Could it be said in that court that an acquittal on the charge of larceny after trust would justify the defense of former jeopardy on the indictment for forgery? Would a conviction on the indictment for forgery justify and support the defense of former conviction on the indictment for larceny after trust? This should be made very plain before the court would be justified in reaching the conclusion that the offenses are identical, and that the determination of one case would dispose of the others.

Now, the offense of larceny after trust is entirely distinct from the offense of forgery. The nature of the crime is different, and under the

state law the penalties are different. Larceny after trust may exist without forgery, and forgery may exist without larceny after trust. Since we are concluded in this state of the case by the averments of the plaintiff's declarations, we must conclude that the plaintiff has been aggrieved, if aggrieved at all, not only by the prosecution for larceny after trust, but also by the prosecution for forgery. There is nothing to show that they essentially and substantially embrace the same transaction, save that in each case the plaintiff has filed identical or duplicate statements of his expenses in attending court. To this there is the apt reply, that there was but one attendance, although there were two indictments. It follows that this does not satisfactorily show that the two prosecutions were for one and the same offense. Indeed, it is clear enough that, had he been convicted on one indictment, he could have been sent to the penitentiary for five years, and, had he been convicted on both, his sentence could have been ten years, a significant feature, which the court cannot wholly ignore. There is, besides, a greater degree of moral turpitude in larceny after trust and forgery than in either forgery or larceny after trust if considered separately. In this view of the case, the court does not feel at liberty to grant an injunction to restrain the prosecution of the plaintiff's action now pending in the state court, upon the contention that the indictments include only one transaction.

It is, however, true that, while the court cannot grant all the relief sought by the complainant in equity here, it may do so in part. It seems very plain that in the account for expenses declared upon by the plaintiff in the state court he duplicates the account annexed to his first declaration filed in the state court and removed to this court. Now, the fine Latinity of my learned young brothers who resist the injunction will instantly suggest the useful principle, "Nemo debet bis vexari pro una et eadem causa," which for the less learned I will interpret, "It is a rule of law that a man shall not be twice vexed for one and the same cause." This reiterated assignment of damages upon the same bill of particulars seems a violation of that time-honored maxim, and the plaintiff in the state court, after his first action setting forth this account has been properly removed here, cannot be permitted to press it there.

An interlocutory decree may therefore be framed, enjoining the plaintiff in the state court from insisting upon a recovery there upon this account, which this court is empowered to determine because it was removed here; but, for the reasons stated, as to the action for malicious prosecution for forgery, now pending in the state court, we must decline to interfere, and the injunction will be framed accordingly.