**Elizabeth A. BROWN, widow and n/f of kin of deceased, John David Brown, for the use of herself and for the use of said decedent's minor children, Jay Van Brown, Milissa Laverne Brown**

v.

**SEABOARD COAST LINE RAILROAD COMPANY.**

No. 894.

United States District Court
N. D. Georgia,
Newnan Division.

Dec. 24, 1969.

Haynes, Gilreath & Cary, Knoxville, Tenn., Garland & Garland, Atlanta, Ga., for plaintiff.

Troutman, Sams, Schroder & Lockerman, Atlanta, Ga., Sanders, Mottola & Haugen, Newnan, Ga., for defendant.

ORDER

ALBERT J. HENDERSON, Jr., District Judge.

The plaintiff, Elizabeth A. Brown, widow of John David Brown, brought an action in the Superior Court of Fayette County, Georgia, for the wrongful death of her husband. The defendants removed the case to the United States District Court for the Northern District of Georgia, pursuant to 28 U.S.C. § 1446. However, after the removal, the defendant filed this, its "Motion to Enjoin Plaintiff from Proceeding in Action Subsequently Filed". It is this motion which is presently before the court.

In support of its motion, defendant asserts to the court that, subsequent to the removal of its initial action from the Superior Court of Fayette County, Georgia, to this court, plaintiff has filed no objection to removal, but has filed another action for the wrongful death of her husband in the Superior Court of Fayette County, Georgia. Defendant attached to its motion a copy of a complaint which purported to be the complaint subsequently filed by the plaintiff in the Fayette County action. Comparing the removed complaint with the subsequent complaint, it was apparent that

they are in all substantial respects identical. In essence, plaintiff asks $500,-000.00 damages for the death of her husband, including $1213.01 as burial expenses, in each complaint. The only real difference between the two complaints is that, in the subsequently filed complaint, plaintiff sues not one defendant, but two, adding G. M. Fowler, the engineer of the train which struck plaintiff's deceased husband. Mr. Fowler is a resident of Meriwether County, Georgia. Plaintiff alleged that Fowler was acting within the scope of his employment and that his negligence could be imputed to the Seaboard Coast Line under the doctrine of respondeat superior.

The question raised by the defendant is whether the action of filing the subsequent suit is a violation of the dictates of and policy behind 28 U.S.C. § 1446(e), so as to make a sham of this court's removal jurisdiction.

28 U.S.C. § 1446(e) provides that, upon removal, "* * * the State court shall proceed no further unless and until the case is remanded." Defendant argues that the action by plaintiff in filing the subsequent suit is merely a sham, and cannot, in reality, circumvent this automatic injunction of further state court proceedings. The court agrees.

In Reliable Transfer Co. v. Gallahar, 54 F.Supp. 395, 396 (S.D.Ga.1944), it was stated:

If the causes of action set up in the new suit in the state court are the same as those to be litigated in this court, and if there has been no final adjudication, the cases having been removed from the state court originally it is clear these bills for injunction are maintainable. If it were otherwise, in removed cases the whole purpose of the removal statute could be frustrated by renewal of the suits in the state court.

Further, in the case of Western Union Telegraph Co. v. Cooper, 182 F. 710, 711 (5th Cir. 1910), it was stated:

It is, however, true that the remedy of injunction against a party in a state court should only be utilized by this court in cases of great clearness, where it is obvious that there is an attempt to defeat the constitutional jurisdiction resulting from the removal. Sinclair v. Pierce, 50 Fed. 852. The practical test here is this: do the several [causes of action], for which damages are claimed, necessarily constitute one in the same cause of action?

The *Cooper* court further stated that:

[I]t has been held in more than one case that this court can avail itself of the remedy of injunction to stay proceedings in the state court relating to a cause which has been removed, when such proceedings are obviously intended to avoid the effect of the removal statutes and to defeat a citizen of another state of his right to have his controversy tried in the [District] Court of the United States.

182 F. at 711. See French v. Hay, 89 U.S. 250, 22 Wall. 250, 22 L.Ed. 857 (1875).

It is clear that the causes of action are the same; in each suit, the wrongful death of the deceased husband is the basis for the claim. Therefore, the court has determined that the filing of the subsequent suit by the plaintiff is an attempt to evade federal jurisdiction, and to frustrate totally the whole purpose of the removal statute, under 28 U.S.C. § 1446(e).

Accordingly, plaintiff, her children, heirs, assigns and attorneys in fact or at law, are hereby enjoined from proceeding in any action other than the action presently pending in this court, and are especially enjoined from proceeding in Civil Action No. 3169 in the Superior Court of Fayette County, Georgia.