Wendell Douglas FRITH, a minor, by
Alton Frith, adult next friend,
Plaintiff-Appellant,

v.

BLAZON–FLEXIBLE FLYER, INC.
and Western Auto Supply Company,
Inc., Defendants-Appellees.

No. 75–1667
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 8, 1975.

Rehearing and Rehearing En Banc
Denied June 24, 1975.

James W. Nobles, Jr., Jackson, Miss.,
Eugene C. Tullos, Raleigh, Miss., Crymes
G. Pittman, Jackson, Miss., for plaintiff-
appellant.

John B. Clark, Jackson, Miss., for de-
fendants-appellees.

Before THORNBERRY, MORGAN
and RONEY, Circuit Judges.

* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970,
431 F.2d 409, Part I.

PER CURIAM:

This case comes to us styled as a "petition for dissolution of a prohibitory injunction," supposedly pursuant to F.R.A.P. 8(a). That section, however, only authorizes stays or injunctions pending appeal. It does not provide for the relief sought in appellant's petition for dissolution: in effect, a vacation of an injunction entered by the district court. Nevertheless, we are empowered by 28 U.S.C.A. § 2106 to vacate or set aside any decree lawfully brought before this Court for review. Furthermore, under Local Rule 11(b) we may *sua sponte* expedite the consideration of any case. Since this case is properly and lawfully before the Court in the form of an interlocutory appeal from an injunction entered by the district court, 28 U.S.C.A. § 1292(a)(1), and as the sole legal issue for decision has been fully briefed by both parties, we have considered the merits of the appeal and vacate the injunction issued by the district court.

This tort suit for personal injuries was first filed in a Mississippi state court in September 1974. The only alleged resident defendant was "Western Auto Associate Store of Raleigh, Mississippi." The suit was timely and lawfully removed to the United States District Court for the Southern District of Mississippi, Jackson Division, and assigned to Judge Cox. A motion to remand the case to state court was filed by plaintiff and was overruled by the district court on the grounds that Western Auto was only a trade name and not a legal entity and that since no individual or legal entity domiciled in Mississippi was a party, diversity of citizenship therefore existed. Plaintiff has not challenged this ruling.

In November 1974, some two weeks after Judge Cox's order holding that there was federal diversity jurisdiction, plaintiff filed a subsequent suit in Mississippi state court. In this action a Mississippi resident, Mrs. Eunice Sistrunk, owner and operator of the Western Auto store, was joined as a party defendant. The declarations in the two causes are substantially identical, with the exception of the addition of Mrs. Sistrunk as a defendant. Subsequently the defendants again remove the action to federal district court on the grounds of a fraudulent joinder in violation of 28 U.S.C.A. § 1446(e). The case was assigned to Judge Russell.

In January 1975, defendants filed in the first case, the one assigned to Judge Cox, a motion to enjoin the plaintiff from proceeding in any case except that cause, and a motion to consolidate the two cases then pending in federal district court. Judge Cox took these motions under advisement while Judge Russell considered a motion to remand which had been filed in the action pending before him.

In February 1975, Judge Russell issued an opinion and entered an order granting plaintiff's motion to remand to state court. Relying on Parks v. New York Times Co., 308 F.2d 474 (5th Cir. 1962), cert. denied, 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964), Judge Russell expressly found, on the basis of the evidence before him and after familiarizing himself with the proceedings pending before Judge Cox, that there was no fraudulent joinder.

Shortly thereafter, Judge Cox issued an opinion and entered an order enjoining plaintiff from any further proceeding on the cause of action against defendants in state court or otherwise, except in the case pending before him. In his order he stated:

> The Court finds as a fact that cause number 2881 [the second suit] was filed for the specific purpose of divesting this Court of jurisdiction, and was in violation of 28 U.S.C. Section 1446(e). This action of plaintiff, if permitted, would make a sham of this Court's removal jurisdiction, and therefore it will not be permitted.

This appeal was brought following the entry of the order granting the injunction. *See* 28 U.S.C.A. § 1292(a)(1). Plaintiff asks that we dissolve Judge Cox's prohibitory order enjoining him from prosecuting his suit against defendants in state court.

Although the anti-injunction statute, 28 U.S.C.A. § 2283, generally prohibits federal courts from enjoining or staying state court proceedings, an exception is made where an injunction is expressly authorized by an Act of Congress. One of the long recognized statutory exceptions to the prohibition of the anti-injunction statute is the language in 28 U.S.C.A. § 1446(e) that upon removal from state to federal court "the State court shall proceed no further unless and until the case is remanded." *See* Toucey v. New York Life Insurance Co., 314 U.S. 118, 133, 62 S.Ct. 139, 86 L.Ed. 100 (1941); Armstrong v. Alliance Trust Co., 126 F.2d 164, 169 (5th Cir. 1942); 1A Moore, Federal Practice ¶ 0.210 (2d ed. 1974). Consequently, where a district court finds that a second suit filed in state court is an attempt to subvert the purposes of the removal statute, it is justified and authorized by § 1446(e) in enjoining the proceedings in the state court. *See, e. g.,* Brown v. Seaboard Coast Line R.R., 309 F.Supp. 48 (N.D.Ga. 1969). Judge Cox, therefore, was not prohibited by the anti-injunction statute from enjoining plaintiff from prosecuting an action in state court after the original suit had been removed to federal court.

In this case, however, at the time Judge Cox entered his injunction, Judge Russell had already found, on the basis of his familiarity with both pending suits, that the joinder of the resident defendant in the state court suit was not fraudulent. Implicit in this finding is the fact that the second suit was not brought in an attempt to subvert the purposes of the removal statute and was not aimed at defeating federal jurisdiction. Normally, where no fraud is found, the second action brought in state court should not be enjoined. *See* Jett v. Zink, 474 F.2d 149 (5th Cir.), cert. denied, 414 U.S. 854, 94 S.Ct. 153, 38 L.Ed.2d 104 (1973); Parks v. New York Times Co., 308 F.2d 474 (5th Cir. 1962), cert. denied, 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964). Under these circumstances, we are convinced that collateral estoppel principles required that Judge Cox not redetermine the fact which had been so recently litigated in the same court by the same parties. *See generally*, 1B Moore, Federal Practice ¶ 9.441[2] (2d ed. 1974).

In effect, Judge Cox "reviewed" Judge Russell's order remanding the case to the state court from which it was removed. Such an order, however, is "not reviewable on appeal or otherwise." 28 U.S.C.A. § 1447(d). Judge Russell's remanding order was final and was not reviewable in a collateral attack. *See* Moffett v. Robbins, 14 F.Supp. 603 (D.Kan.1935), aff'd, 81 F.2d 431 (10th Cir.), cert. denied, 298 U.S. 675, 56 S.Ct. 940, 80 L.Ed. 1397 (1936); 1A Moore, Federal Practice ¶ 0.169[2.–1] (2d ed. 1974).

The injunction enjoining plaintiff from prosecuting his state court action is vacated and the case is remanded for proceedings consistent with this opinion.

Vacated and remanded.