May S. FISCHMAN

v.

Harry FISCHMAN and the Old Reading Brewery, Inc.

Civ. A. No. 78–4315.

United States District Court, E. D. Pennsylvania.

April 18, 1979.

On Motions to Vacate and to Enjoin May 2, 1979.

Arthur G. Raynes, Philadelphia, Pa., for plaintiff.

W. Bradley Ward, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiff May S. Fischman instituted the instant action against her former husband, Harry Fischman, and The Old Reading Brewery, Inc. ("Old Reading") in the Court of Common Pleas of Philadelphia County. In her complaint plaintiff alleges that she is the promisee and holder of a note executed by Harry Fischman and endorsed by Old Reading. The note provided that Harry Fischman would make periodic payments of the principal sum to plaintiff. The note further provided that upon the occurrence of any of eleven events of default, the entire unpaid principal balance would become due at the option of the holder. One of the enumerated events of default was as follows: "4. If [Old Reading] shall discontinue business, dissolve or sell substantially all of its assets; . . ." Exhibit A to Complaint. Plaintiff alleges that this event of default occurred on or about July 1, 1970, Complaint ¶ 8, that plaintiff is entitled to the entire unpaid balance, *id* ¶ 14, that had she known of the alleged event of default, she would have exercised her option to receive the unpaid balance, *id.* ¶ 11, that she did not learn of the default until approximately May, 1976, *id.* ¶ 10, and that defendants intentionally and actively concealed from her the default in order to prevent her from exercising her option, *id.* ¶ 9.

Defendant Old Reading removed the suit to this court on December 27, 1978. It has now moved, pursuant to Federal Rule of Civil Procedure 12(b)(2), to dismiss for lack of personal jurisdiction. Because we believe that the requirements for the exercise of personal jurisdiction are present in this case, defendant's motion is denied.

Old Reading is incorporated in the state of Delaware. On December 19, 1933, it was issued a Certificate of Authority by the Commonwealth of Pennsylvania, and, by its own admission, it engaged for a number of years in the brewing business in Pennsylvania. Defendant's Motion to Dismiss ¶ 2. However, on or about May 18, 1977 Old Reading filed with the Pennsylvania Department of Revenue a Withdrawal Affidavit that stated that it had withdrawn from business in Pennsylvania on or about May 15, 1975. Exhibit A to Defendant's Motion to Dismiss. Old Reading therefore contends that we lack the power to exercise personal jurisdiction over it under either the relevant Pennsylvania jurisdictional statutes or the due process clause of the Constitution.

We begin our analysis by examining Pennsylvania's jurisdictional statutes. 42 Pa.C.S.A. § 5301 provides:

(a) General rule.—The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person, or his personal representative in the case of an individual, and to enable such tribunals to render personal orders against such person or representative:

. . . . .

(2) Corporations.—

(i) Incorporation under or qualification as a foreign corporation under the laws of this Commonwealth.

(ii) Consent, to the extent authorized by the consent.

(iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.

. . . . .

(b) Scope of Jurisdiction.—When jurisdiction over a person is based upon this section any cause of action may be asserted against him, whether or not arising from acts enumerated in this section. Discontinuance of the acts enumerated in subsection (a)(2)(i) and (iii) . . . shall not affect jurisdiction with respect to any act, transaction or omission occurring during the period such status existed.

As stated above, Old Reading was issued a Certificate of Authority as a foreign corporation in 1933. See 15 P.S. § 2004. Registration as a foreign corporation and designation of the Secretary of the Commonwealth for receipt of service have been held to constitute consent to suit in Pennsylvania. See, e. g., Di Ciano v. Western Contracting Corp., 224 F.Supp. 803 (E.D.Pa. 1963). Such consent has been held to justify the exercise of jurisdiction on facts far more attenuated than those present in this case. See, e. g., Anderson v. United States, 220 F.Supp. 769 (E.D.Pa.1963).

■ Old Reading agrees that a court may exercise personal jurisdiction over a corporation that has consented. Reply Brief in Support of the Motion of The Old Reading Brewery, Inc., to Dismiss at 1. It argues, however, that it withdrew its consent on May 15, 1975, or at the latest on May 18, 1977, when it filed a Withdrawal Affidavit with the Department of Revenue. We do not believe that the filing of this affidavit is dispositive in this case. First of all, Old Reading apparently did not comply with the statutory provisions for the surrender of its certificate of authority. See 15 P.S. § 2015. Furthermore, even if Old Reading had filed an affidavit with the Department of State as required by the statute, 42 Pa.C.S.A. § 5301(b) specifically provides that discontinuance of qualification as a foreign corporation "shall not affect jurisdiction with respect to any act, transaction or omission occurring during the period such status existed." Plaintiff alleges that the original default occurred in July 1970 and was ac-

tively concealed from that date until May 1976. Even if we accept Old Reading's intention of surrendering its certificate of authority and withdrawing its consent to suit as of May 15, 1975, the great bulk of the acts and omissions of which plaintiff complains occurred during a period of time in which Old Reading had consented to suit.

Old Reading argues, however, that the gravamen of plaintiff's complaint is not the original default itself, but the alleged active concealment of the default. As an "inanimate legal entity," Old Reading continues, it could actively conceal nothing; therefore, it performed no act upon which the exercise of personal jurisdiction can be based. Even assuming that the gravamen of plaintiff's complaint is the alleged concealment of the default, *but see* Complaint ¶ 14, we do not find Old Reading's argument convincing. Clearly, a corporation can only act through its officers and agents. *See, e. g., Erie City Iron Works v. Barber & Co.*, 106 Pa. 125 (1884); *Pollin v. Mindy Mfg. Co.*, 211 Pa.Super. 87, 236 A.2d 542 (1967). Nonetheless, we see no reason why a corporation may not be capable of "concealing" something. Old Reading has provided no authority in support of its contention to the contrary. Our position is supported, we believe, by cases that have held that corporations have tolled the applicable statute of limitations by actively wrongfully concealing a cause of action. *See, e. g., Public Service Co. v. General Electric Co.*, 315 F.2d 306 (10th Cir.), *cert. denied*, 374 U.S. 809, 83 S.Ct. 1695, 10 L.Ed.2d 1033 (1963). Whether Old Reading had a duty not to conceal any default from plaintiff is a question that cannot be determined in the context of this motion; assuming that such a duty existed, however, its breach is a sufficient act or omission within the meaning of 42 Pa.C.S.A. § 5301(b) to justify the exercise of jurisdiction. We therefore believe that Old Reading's registration as a foreign corporation in Pennsylvania from the period 1933 until, at a minimum, 1975 provides a basis for the exercise of jurisdiction in this case.

Old Reading argues further, however, that even if the requirements of Pennsylvania's jurisdictional statutes are satisfied, personal jurisdiction still may not be exercised in this case because the minimum contacts test set out in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), has not been met. We do not agree. Old Reading has done far more in this case than merely register as a foreign corporation in Pennsylvania. It engaged in the brewing business in Pennsylvania and does not claim to have withdrawn from business in Pennsylvania until May 15, 1975. We believe that these contacts with this Commonwealth during time periods relevant to this action more than adequately assure that the maintenance of this suit "does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 316, 66 S.Ct. at 158.

## ON MOTIONS TO VACATE AND TO ENJOIN

Plaintiff commenced this action in the Court of Common Pleas of Philadelphia County on October 23, 1978. On December 27, 1978, defendant Old Reading Brewery, Inc. filed a removal petition with the Clerk of this court. Plaintiff expressed her intention to move to remand the case to state court, and by an Order of January 19, 1979, she was directed to file her motion by March 1, 1979. No motion was ever filed. On March 27, 1979, however, plaintiff filed an affidavit of service in the Court of Common Pleas. Defendant Harry Fischman has now filed with this court a "motion to vacate and enjoin attempted service of process and other action in suit removed from Pennsylvania state court to the United States District Court for the Eastern District of Pennsylvania."

28 U.S.C. § 1446(e) provides that

Promptly after the filing of [a removal petition of a civil case] and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court

shall proceed no further unless and until the case is remanded.

Process after removal is discussed in § 1448 of the same Title. That section provides that

In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

That section has been interpreted to mean that

where the defendant has never been put on notice of the state court proceeding prior to removal . . . the federal court cannot "complete" the state process by permitting it to be served after removal; rather the federal court must issue new process pursuant to Rule 4 of the Federal Rules of Civil Procedure. The state court process becomes null and void on the date the action is removed to the federal court.

*Beecher v. Wallace,* 381 F.2d 372, 373 (9th Cir. 1967). *See also Allman v. Hanley,* 302 F.2d 559 (5th Cir. 1962); *DiCesare-Engler Productions, Inc. v. Mainman Ltd.,* 421 F.Supp. 116 (W.D.Pa.1976).

Plaintiff has filed a memorandum of law in opposition to defendant's motion. In her memorandum, plaintiff states that she "was under the misapprehension that service of process was to continue in the state court with respect to the unserved defendant, even after Old Reading had filed its petition for removal. Admittedly, plaintiff was wrong. Plaintiff has already taken steps to effectuate service of process through the proper procedures of this Court." Plaintiff's memorandum contra defendant Harry Fischman's motion to vacate and enjoin service of process and other action in suit removed from Pennsylvania state court to the United States District Court for the Eastern District of Pennsylvania at 2.

Plaintiff's memorandum suggests no reason, however, why defendant's motion should not be granted.

■ We agree with defendant that following removal, exclusive jurisdiction of this action is vested in this court. *See Berberian v. Gibney,* 514 F.2d 790 (1st Cir. 1975); *Barrett v. Southern Railway Co.,* 68 F.R.D. 413 (D.S.C.1975). We therefore believe that plaintiff's actions in reinstituting her complaint in state court and filing an affidavit of service in that action are void and should be vacated. Defendant also requests that we enjoin plaintiff from taking any further action whatsoever in this case in the Court of Common Pleas. We believe, however, that plaintiff's memorandum reveals that plaintiff's actions in state court were the result of a "misapprehension" rather than part of an attempt to harass defendant. We therefore decline to enjoin plaintiff at this time. A plaintiff may not, however, attempt to avoid the effect of the removal statutes. *See Brown v. Seaboard Coast Line Railroad Co.,* 309 F.Supp. 48 (N.D.Ga.1969). Defendant may renew his motion in this regard if necessary.