Frank MYERS, Jr., Plaintiff,

v.

HERTZ PENSKE TRUCK LEASING, INC. et al., Defendants.

Civ. A. No. C82–2958A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 21, 1983.

Wade K. Copeland, Dennis, Corry, Webb, Carlock & Williams, Atlanta, Ga., for plaintiff.

Michael J. Gorby, Fain, Gorby, Reeves & Moraitakis, Atlanta, Ga., for defendants.

## ORDER

FORRESTER, District Judge.

This action is before the court on two motions. Plaintiff asks that he be allowed to dismiss, without prejudice, his cause of action in this court. Defendant opposes this motion and asks that the court enjoin the plaintiff from prosecuting an action filed in the Superior Court of Fulton County, Georgia.

Plaintiff, a resident of Ohio, originally filed this action for malicious prosecution against the defendant, a Delaware Corporation, in the Superior Court of Fulton County, Georgia, where the cause of action arose. Defendant properly removed the case to this court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. Plaintiff did not challenge the removal or seek remand. Instead, after several months of discovery plaintiff brought a virtually identical suit in the Superior Court of Fulton County naming as additional defendants two local employees of the defendant Hertz. Both additional defendants are residents of Georgia. Plaintiff seeks now to dismiss its federal court action and proceed in the state court system. Defendant opposes the dismissal and seeks to enjoin the state court action.

## I. Defendant's Motion for an Injunction

Defendant's opposition to the further prosecution of the state court action is founded on the argument that the addition of the two Georgia defendants would destroy its "right" to remove the action to federal court. Although complete diversity would still exist, removal is not authorized where any named defendant with a real interest in the case is a resident of the forum state. 28 U.S.C. § 1441(b). When an action is properly removed to a federal court, 28 U.S.C. § 1446(e) provides for an automatic injunction against further action in the case by the state court. Defendant argues that allowing the plaintiff to start a new action, identical in all respects save the joinder of additional parties, is inconsistent with, and would make a sham of, the removal jurisdiction of this court. Plaintiff bases his opposition to the injunction on the Anti-Injunction Act, 28 U.S.C. § 2283. He argues that this statute bars federal courts from enjoining or staying state court actions except in a few narrowly construed exceptions. The present case, he argues, is not within one of those exceptions.

There can be no doubt that the federal courts have power to enjoin a state court from further considering a case which has been properly removed. The Supreme Court has held that this injunction, provided for by 28 U.S.C. § 1446(e), falls within the class of "expressly authorized" exceptions to the Anti-Injunction Act. *Toucey v. New York Life Ins. Co.*, 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100 (1941). The present case, however, does not involve an attempt by the plaintiff to continue prosecution of the same case in the state court after removal. Rather, it involves an attempt by the plaintiff to file a *new* action which, because it names additional defendants who are residents of the forum state, cannot be removed to federal court. The question is whether this forum-shopping maneuver of the plaintiff is also covered by the injunctive provision of 28 U.S.C. § 1446(e).

The issue is a sensitive one because of the delicate relationship between the state and federal judiciaries, the growing concern about the propriety of diversity jurisdiction, and increasing public impatience with tactical legal maneuvering which only delays resolution of cases on their merits. If there were no precedents in this area this court might well deny the injunction and allow the plaintiff to dismiss his case here and pursue his remedy in the state court. However, this court is bound to follow two recent cases which have dealt with this precise issue. In *Brown v. Seaboard Coast Line Railroad Co.,* 309 F.Supp. 48 (N.D.Ga. 1969) this court dealt with an almost identical situation. After having her wrongful death action removed to federal court plaintiff had filed an identical action in the state court. The only difference between the two actions was that the second one named as an additional defendant a local employee who had been acting within the scope of his employment with the defendant railroad and whose negligence could be imputed to his employer under the doctrine of *respondeat superior.* The addition of the defendant employee would have destroyed diversity of citizenship. Writing for this court Judge Henderson found that the sole purpose of the second suit was to evade federal jurisdiction and held that this would have frustrated the purpose of the removal statute. *Id.* at 49. The plaintiff was enjoined from further prosecuting the state court suit.

The Fifth Circuit addressed the same question in *Frith v. Blazon-Flexible Flyer, Inc.,* 512 F.2d 899 (5th Cir.1975). Citing *Brown* favorably the court wrote, "where a district court finds that a second suit filed in state court is an attempt to subvert the purposes of the removal statute, it is justified and authorized by § 1441(e) in enjoining the proceedings in the state court." *Id.* at 901. Plaintiff has introduced no cases from this circuit which might contravene these two cases. Because both cases dealt with precisely the issue at question here this court is bound to follow them.

In ruling on defendant's motion it is important to set out exactly what facts the court finds. The court does not find that the plaintiff's joinder of the defendants Morrison and Tooley was fraudulent in the sense that they have absolutely no liability or are mere straw men. Were the plaintiff to sue them individually he might be able to assert a colorable cause of action against them. Also, if the plaintiff had initially joined these defendants in his first claim the case could not have been removed because 28 U.S.C. § 1441(b) allows removal only when "none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." However, the court does not read *Brown* to require a showing that the joinder of the additional defendants was fraudulent in this sense. Rather, Judge Henderson appears to have looked to the purpose of the second suit, focusing on the nature of the cause of action and the damages sought. He found that the sole purpose of the second suit was "to evade federal jurisdiction, and to frustrate totally the whole purpose of the removal statute." 309 F.Supp. at 49. Although Judge Henderson describes the second suit as a "sham" it seems clear from the opinion that there was at least as much of a case against the additional defendant as there is in the present context. The second case appears to have been a "sham" only because it sought exactly the same damages for exactly the same injuries as the first case and its filing could only be explained as an attempt to defeat removal.

This court has examined the complaint filed in the second case and found that it is virtually word for word identical to the case in this court. It asserts the same facts, states the same claim, and seeks the same damages as the present action. The sole difference is the addition of two employees who were acting within the scope of their employment. These employees were mentioned, although not named as defendants, in the first case, and it is apparent that they were known to the plaintiff at the time he first filed suit. Plaintiff could have joined these defendants at the time. The fact that he did so only after removal

and that he seeks no further damages from them indicates that his sole purpose in joining them is to defeat removal. While this might have been permissible in the first instance, *Brown* and *Frith* indicate that it is not permissible at this late date after defendant has properly removed.

This court, therefore, hereby specifically enjoins the plaintiff Frank Myers, Jr. from proceeding in Civil Action No. C–00193 filed in the Superior Court of Fulton County, Georgia. Plaintiff is not enjoined from prosecuting a claim against James Patrick Frances Tooley or W.L. Morrison in their individual capacities, as they are not defendants in the case removed to this court. He may assert the same or a new claim against them, but he may not seek to impute any liability which might be covered in the present case to Hertz, Inc. The court does not here decide whether plaintiff may join Tooley and Morrison to the action in this court. The court also does not decide what the result might have been if the plaintiff had asserted new claims against any of the defendants in the second suit. The court holds only that where, as here, the second case is nothing more than a restatement of a properly removed case but includes a new defendant solely for the purpose of defeating removal the federal court is required by *Brown* and *Frith* to issue an injunction.

## II. Plaintiff's Motion to Dismiss

■ Because of the court's decision on the defendant's motion for the injunction the court must deny plaintiff's motion for a Rule 41(a)(2) dismissal without prejudice. Although plaintiffs are normally granted this type of motion in the absence of a showing of legal prejudice to the defendant, the policy implicit in *Brown* and *Frith* of protecting the removal jurisdiction of the federal courts from cynical legal gamesmanship would not be served by granting it. To allow the plaintiff to dismiss now would be to allow him to attain by the back door what he could not attain by the front door. A dismissal now would make a joke of *Brown* and *Frith*. Although this court does not necessarily agree with these cases, it must follow them. The jurisdiction of this court has been invoked and defendant has already gone to considerable time and expense preparing for this case. Justice would not be served by allowing a dismissal at this time.

### Conclusion

Defendant's motion for an injunction against the plaintiff is GRANTED. Plaintiff Frank Myers, Jr. is specifically enjoined from further proceeding in Civil Action No. D–00193 in the Superior Court of Fulton County, Georgia. Plaintiff's motion to voluntarily dismiss without prejudice is DENIED.