**DANIEL BOONE AREA SCHOOL DISTRICT, individually and on behalf of others similarly situated, Plaintiffs,**

v.

**LEHMAN BROTHERS, INC. and Lisa Vioni, Defendants.**

No. 01–CV–74J.

United States District Court, W.D. Pennsylvania.

Feb. 5, 2002.

Richard A. Finberg, Malakoff, Doyle & Finberg, Pittsburgh, PA, David A. Gradwohl, Fox, Rothschild, O'Brien & Frankel, Landsdale, PA, for Plaintiffs.

Roy A. Powell, Megan E. Farrell, Dana Baiocco, Jones, Day, Reavis & Pogue, Pittsburgh, PA, Patrick R. Kingsley, Stradley, Ronon, Stevens & Young, Philadelphia, PA, David L. Carden, Jones, Day, Reavis & Pogue, New York City, Robert C. Micheletto, Jones, Day, Reavis & Pogue, Chicago, IL, Celeste A. Pometto, Leboeuf, Lamb, Green & MacRae, Pittsburgh, PA, for Lehman Brothers, Inc.

John H. Rirordan, Jr., Polito & Smock, Pittsburgh, PA, Michael Q. Carey, Carey & Associates, New York City, for Lisa Vioni.

## MEMORANDUM OPINION AND ORDER

D. BROOKS SMITH, Chief Judge.

█ Class representative plaintiff Daniel Boone Area School District (Daniel Boone) brought this purported class action (hereinafter *Daniel Boone*) in state court against defendants Lehman Brothers and Lisa Vioni (collectively Lehman), seeking to recover damages resulting from the largest municipal fraud in Pennsylvania history.[1] *See* dkt. no. 1, ex. A. The initial complaint stated six counts, all of which were based on state law. Pursuant to 28 U.S.C. § 1441 *et seq.*, Lehman Brothers removed the case to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a); all the purported class members are school districts in Pennsylvania, both defendants are residents of New York, and the initial complaint stated a claim for aggregated damages in excess of $20 million. *See* dkt. no. 1. Approximately twelve of the fifty school districts in the purported class of plaintiff school districts (the purported class or class) had actual damages from the alleged fraud of less than $75,000, and on that basis, Daniel Boone sought a remand. *See* dkt. nos. 3, 11. Lehman opposed Daniel Boones motion to remand, arguing that Daniel Boones claims for punitive damages and attorneys fees satisfied the jurisdictional amount for each member of the purported class, and that, in any event, it would be appropriate to remand only those school districts which did not meet the jurisdictional amount and retain jurisdiction over the others.[2] *See* dkt. no. 10. I never ruled on the motion to remand because Daniel Boone withdrew it on May 9, 2001.[3] *See* dkt. no. 19.

Lehman almost immediately filed motions to dismiss on May 16, 2001. *See* dkt. nos. 20, 22. Instead of opposing those motions, Daniel Boone amended its complaint on June 5, 2001, stating six slightly different counts, all based on state law and seeking punitive damages and attorneys fees. *See* dkt. no 24. On June 25, 2001, counsel for Daniel Boone filed a new class action complaint in the Court of Common Pleas of Blair County, Pennsylvania styled *Redbank Valley School District v. Lehman Brothers, Inc. and Lisa Vioni*, No.2001 GN 3831 (hereinafter *Redbank*). *See* dkt. no. 40, ex. A. The list of all potential class members in *Redbank* is identical to the list of all potential class members in *Daniel Boone*. *See* dkt. no. 40, at 1. However, the class representative, Redbank Valley School District, is one of the twelve school districts which are members of the purported class in *Daniel Boone* that have less than $75,000 in actual damages. *See* dkt. no. 40, ex A ¶ 19; dkt. no. 3, Affidavit of Richard Finberg. The *Redbank* com-

---

1. A brief review of the facts surrounding this fraud can be found in my companion opinion resolving Lehmans motions to dismiss filed in a separate memorandum opinion issued this same date. *See* dkt. no. 53.

2. Lehmans argument in this regard appears to be supported by *Meritcare v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 222–23 (3d Cir. 1999) (severing one plaintiffs claim that did not satisfy the jurisdictional amount and remanding that claim to state court.).

3. Although I did not rule on the motion to remand, I do note that when both actual and punitive damages are recoverable, both are properly considered in determining whether the jurisdictional amount has been satisfied. *Packard v. Provident Natl. Bank*, 994 F.2d 1039, 1046 (3d Cir.1993). Based on that authority, it appears that Daniel Boones motion to remand would probably have failed and that removal was proper.

plaint also explicitly asserts that eighteen class members seek relief of less than $75,000, *see* dkt. no. 40, ex. A ¶¶ 19, 74, and it disavows any claim to punitive damages, treble damages or attorneys fees. *See id.* ¶¶ 75, 99, 105, 111, 121, 132, 143. Finally, the *Redbank* complaint notes that *Daniel Boone* is already pending in this Court, but claims that the state court can act much more expeditiously than the District Court. *Id.* at ¶ 40. Lehman subsequently filed motions to enjoin *Redbank*, *see* dkt. nos. 39, 43, and it is to those motions I now turn.

■■■■ I am not prepared at this time to take the extraordinary step of enjoining a state court proceeding. According to the Anti–Injunction Act, 28 U.S.C. § 2283, A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments. *Id.* The Act is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of the three specifically designed exceptions. *Atlantic Coast Line R.R. v. Bhd. of Locomotive Engrs.*, 398 U.S. 281, 286, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970); *see also In re Glenn W. Turner Enter. Litig.*, 521 F.2d 775, 779 (3d Cir.1975). The three explicit exceptions are exclusive and courts are not permitted to create new ones, *see Vendo Co. v. Lektro–Vend Corp.*, 433 U.S. 623, 630, 97 S.Ct. 2881, 53 L.Ed.2d 1009 (1977) (plurality opinion), and the exceptions themselves must be narrowly construed. *See Atlantic Coast Line*, 398 U.S. at 287, 90 S.Ct. 1739.

■■■■ I think that a compelling case can be made that an injunction against *Redbank* would fall within the expressly authorized exception to the Anti Injunction Act;[4] it is possible that the removal statutes, specifically 28 U.S.C. § 1446(d), expressly authorize an injunction in a case such as the instant one. Although the plain text of the Anti Injunction Act requires an injunction to be expressly authorized by statute, the Supreme Court has recognized that a federal law need not expressly authorize an injunction of a state proceeding in order to qualify as an exception. *Mitchum v. Foster*, 407 U.S. 225, 237, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972). Injunctions will fit within the first exception to the Anti Injunction Act whenever a statute create[s] a specific and uniquely federal right or remedy ... which could be frustrated if the federal proceeding were not empowered to enjoin a state court proceeding. *Id.* The federal removal statute, 28 U.S.C. § 1446(d), expressly authorizes injunctions against state courts when a case is removed to federal court. *See Vendo Co.*, 433 U.S. at 640, 97 S.Ct. 2881 (plurality opinion); *Mitchum*, 407 U.S. at 234–37, 92 S.Ct. 2151.

It does not follow automatically, however, that an injunction in this case is expressly authorized by § 1446(d). Section 1446(d) provides that upon removal of a case from State to federal court, the State court shall proceed no further unless and until the case is remanded. 28 U.S.C. § 1446(d). The text of the statute suggests that Congress has authorized federal courts to enjoin state proceedings only in

---

4. Lehman has also urged that an injunction against *Redbank* would fit within the necessary in aid of jurisdiction exception, but I think the argument for the application of that exception to the Anti Injunction Act is not compelling. In addition, Lehman has suggested that the All Writs Act, 28 U.S.C.

§ 1651, might authorize me to remove *Redbank* and consolidate it with *Daniel Boone*, but I am not persuaded. *See, e.g., In re Agent Orange Prod. Liab. Litig.*, 996 F.2d 1425, 1431 (2d Cir.1993) (the All Writs Act is not a jurisdictional blank check which district courts may use whenever they deem it advisable).

*the very same* case that was removed to federal court. In this case, however, *Daniel Boone* was removed to this court and the state court has kept its obligation and proceeded no further. Instead, the same purported class has commenced another, duplicative state court action, and it is this *separate yet virtually identical* state case that Lehman now seeks to enjoin. The plain text of § 1446(d) does not expressly cover this particular situation, so it is not entirely clear whether an injunction against the duplicative state court action is barred by the Anti–Injunction Act.

I think, however, that the text of § 1446(d) might be interpreted as expressly authorizing a federal court to enjoin the separate state proceeding when the plaintiff has filed the duplicative state action in an attempt to subvert the jurisdiction of the federal court. This interpretation of the removal statute is well-supported by *Mitchum v. Foster.* Section 1446(d) is a statute that creates a specific and uniquely federal right, namely the right to have a federal court hear a case in which there is diversity jurisdiction. *See Mitchum*, 407 U.S. at 234–37, 92 S.Ct. 2151. And in some cases, when a plaintiffs initial case has been removed to federal court, it would frustrate the removal power if the federal court were not empowered to enjoin a subsequent and duplicative state court proceeding. *Id.* at 237, 92 S.Ct. 2151.

No Third Circuit case has ruled on the legitimacy of an injunction entered against a duplicative state court case filed following a removal of an earlier case to federal court; it appears to be an open question in this circuit. However, several other courts have interpreted the removal statute as an express authorization to enjoin later filed state actions in the unusual cases in which those state suits were filed for the purpose of subverting federal removal jurisdiction. *See Quackenbush v. Allstate Ins. Co.,* 121 F.3d 1372, 1378 (9th Cir.1997); *Kansas Public Emp. Retirement Sys. v. Reimer & Koger Assocs., Inc.,* 77 F.3d 1063, 1069 (8th Cir.1996); *Lou v. Belzberg,* 834 F.2d 730 (9th Cir.1987); *Frith v. Blazon–Flexible Flyer, Inc.,* 512 F.2d 899 (5th Cir.1975) (per curiam); *Myers v. Hertz Penske Truck Leasing, Inc.,* 572 F.Supp. 500 (N.D.Ga.1983); *Billy Jack for Her, Inc. v. New York Coat, Suit, Dress, Rainwear & Allied Workers' Union,* 515 F.Supp. 456 (S.D.N.Y.1981); *Fischman v. Fischman,* 470 F.Supp. 980 (E.D.Pa.1979); *Brown v. Seaboard Coast Line R.R. Co.,* 309 F.Supp. 48 (N.D.Ga.1969). As the Ninth Circuit has put it, It would be of little value to enjoin continuance of a state case after removal and then permit the refiling of essentially the same suit in state court. *Lou,* 834 F.2d at 741 (citing *Frith,* 512 F.2d at 901). Moreover, if a federal court could not enjoin a duplicative state action designed to subvert removal jurisdiction, a plaintiff with sufficient ingenuity could always file a second suit in state court that was specifically crafted to be non-removable and then dismiss his federal action, thereby evading removal.[5] *See, e.g., Myers,* 572 F.Supp. at 501. While artful pleading designed to keep a case in state court is initially within the prerogative of the plaintiff, it can subvert the proper jurisdiction of the federal court when it is done following removal. Duplicative filings designed to evade removal amount to inappropriate forum-shopping, which can lead to injustice and confusion. *Cf. Erie*

---

**5.** If a plaintiff waited to dismiss his federal court action until more than one year after the filing of his duplicative state action, removal premised upon diversity jurisdiction would be barred by 28 U.S.C. § 1446(b) even if subsequent amendments to the state court action made that case otherwise removable.

*R.R. v. Tompkins,* 304 U.S. 64, 77, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Nonetheless, the absence of any Third Circuit authority expressly adopting the interpretation of § 1446(d) sketched above leaves me with persistent doubts as to the propriety of issuing an injunction in this case. The question is a close one, but the Supreme Court has clearly held that any doubts about the propriety of entering an injunction should be resolved against doing so. *See Atlantic Coast Line,* 398 U.S. at 297, 90 S.Ct. 1739. The strong presumption against enjoining state court proceedings compels me to decline to do so here. Accordingly, it is hereby

ORDERED AND DIRECTED, this 5th day of February 2002, that plaintiff Lehman Brothers Motion to Enjoin Proceedings or Remove *Redbank,* dkt. no 39, and plaintiff Lisa Vionis Motion to Enjoin Proceedings in *Redbank v. Lehman Brothers, Inc. and Lisa Vioni,* dkt. no. 43, are DENIED.