OPINION OF THE COURT
DIAMOND, District Judge.
This case comes before us for the second time in the course of litigation spanning ten years and at least two continents. In Davis International, LLC v. New Start Group Corp. (Davis I), we upheld the District Court’s dismissal of Appellants’ amended complaint based on direct estop- *336 pel. See 488 F.3d 597 (3d Cir.2007). We also held that the District Court had jurisdiction to enjoin Appellants from refiling the same claims in another domestic court, and remanded for consideration of whether to grant such injunctive relief. Id. The District Court granted the anti-suit injunction, and denied Appellants’ motion for supplemental briefing. Appellants now appeal those decisions. We will affirm.
I.
Because we write primarily for the Parties, we will recite only the facts necessary for our analysis.
In November 2004, Appellants Davis International, LLC, Holdex, LLC, Foston Management, Ltd., and Omni Trusthouse, Ltd. filed a complaint in the Delaware Court of Chancery, including claims of federal RICO and common-law conversion. Appellants alleged that they were the victims of an international conspiracy to seize control of Kachkanarsky GOK, Russia’s largest vanadium ore plant. Appellants charge that through a combination of physical threats, bribery, and sham financial transactions, their shares in GOK were transferred in August 2000 to Delaware shell companies owned by the conspirators.
Appellants filed separate lawsuits based on these allegations in Russia, England, Belgium, and New York. The Southern District of New York dismissed the New York action on forum non conveniens grounds, holding that Russia was the appropriate forum. See Base Metal Trading S.A. v. Russian Aluminum, 253 F.Supp.2d 681 (S.D.N.Y.2003), aff'd, 98 Fed.Appx. 47 (2d Cir.2004). Although Base Metal included claims and allegations in addition to those in the instant case, the GOK allegations were identical, and all of the Appellants and four of the Appellees here were parties. See Davis I, 488 F.3d at 602.
After Appellants filed their November 2004 Chancery Court complaint, Appellees New Start Group Corp., Venitom Corp., Pan-American Corp., MDM Bank, Ural-Gorno Metallurgical Co., Evraz Holding, Mikhail Chernoi, Oleg Deripaska, Arnold Kislin, Mikhail Nekrich, and Iskander Makmudov removed the action to the District Court. Appellees moved to dismiss and to permanently to enjoin Appellants from filing these same GOK-related claims in any court in the United States. The District Court stayed merits discovery while it considered Appellees’ motions. Displeased with the stay, on April 26, 2005, Appellants filed an amended federal complaint without their state law claims, and re-filed those state claims in a new Chancery Court action. Davis I, 488 F.3d at 605. The Chancery Court also stayed the case. When Appellants moved to lift the stay in August 2006, the Court denied the motion, stating that Appellants’ new action was “an abuse of the removal statute.” (App. 707.)
On March 29, 2006, the District Court dismissed Appellants’ claims, concluding that under the doctrine of direct estoppel, Appellants were bound by the Base Metal Court’s forum non conveniens determination. Davis Int’l v. New Start Group Corp., 2006 WL 839364, 2006 U.S. Dist. LEXIS 13990 (D.Del. Mar. 29, 2006). The District Court also ruled that it did not have the authority to grant the injunctive relief that Appellees had requested:
The court reaches its decision with some regret because it is convinced, as is the Chancery Court, that the plaintiffs are attempting to subvert the removal statute by splitting their claims. The court is also convinced that, absent an injunction, the plaintiffs will continue to file this action and take up the time and resources of another court.
Id. at *14 n. 16, 2006 U.S. Dist. LEXIS 13990, *47 n. 16.
*337 In Davis I, we upheld the District Court’s dismissal, reasoning that because the allegations regarding GOK were identical to those in Base Metal, direct estoppel precluded relitigation of the forum non conveniens ruling. Davis I, 488 F.3d at 605. We also determined that the District Court had jurisdiction to issue the anti-suit injunction, and remanded so that the Court could determine if such an injunction was warranted. Id. at 606.
On remand, the District Court granted the anti-suit injunction pursuant to the All Writs Act. See Davis Int’l v. New Start Group, 2009 WL 1321900 at *3, 2009 U.S. Dist. LEXIS 40895 at *9 (D.Del. May 13, 2009); 28 U.S.C. § 1651(a). The District Court also denied Appellants’ request to file a supplemental brief because briefing on the injunction motion was already complete. Id. at *3 n. 4, 2009 U.S. Dist. LEXIS 40895, *10 n. 4.
II.
The District Court had jurisdiction pursuant to the All Writs Act. 28 U.S.C. § 1651(a). We have jurisdiction under 28 U.S.C. § 1291.
III.
We “review[ ] the terms of an injunction for an abuse of discretion, underlying questions of law receive de novo review, and factual determinations are reviewed for clear error.” In re Prudential Ins. Co. of Am. Sales Practice Litig., 261 F.3d 355, 363 (3d Cir.2001).
A district court’s decision to deny a motion to supplement or amend a pleading is reviewed for an abuse of discretion. Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir.1984).
IV.
A.
Appellants devote the bulk of their brief to argument that the Anti-Injunction Act barred the District Court from granting the anti-suit injunction. 28 U.S.C. § 2283. Although acknowledging the Davis I holding that the District Court had jurisdiction to grant an anti-suit injunction, Appellants nonetheless contend that the Court did not have the authority to issue injunctive relief. This distinction without a difference appears to be little more than an attempt to re-argue Davis I.
The All Writs Act provides a district court with the jurisdiction — and thus, the authority — to enjoin state court proceedings where “necessary or appropriate in aid of [its] jurisdiction and agreeable to the usages and principles of law.” 28 U.S.C. § 1657. The Act is intended to work in concert with the Anti-Injunction Act, which provides that “[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.” 28 U.S.C. § 2283; see also In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig., 134 F.3d 133,143 (3d Cir.1998). Accordingly, a district court may not issue an injunction pursuant to the All Writs Act unless one of these three exceptions applies.
In Davis I, we noted that one of these exceptions could well apply: “[e]ourts considering the question have unanimously held that a plaintiffs fraudulent attempt to subvert the removal statute implicates the expressly authorized exception to the Anti-Injunction Act and may warrant the granting of an anti-suit injunction.” 488 F.3d at 605 (citing Quackenbush v. Allstate Ins. Co., 121 F.3d 1372, 1378 (9th Cir.1997); Kan. Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., Inc., 77 F.3d 1063, 1070-71 (8th Cir.1996); Frith v. Blazon-Flexible Flyer, Inc., 512 F.2d 899, 901 (5th Cir.1975)). In light of the findings by *338 the District and Chancery Courts — that Appellants’ re-filed state court action was intended to subvert the removal statute— we held that the District Court could grant an anti-suit injunction and remanded for the District Court to consider whether it should grant the injunction. Davis I, 488 F.3d at 606. In these circumstances, we have already rejected Appellants’ instant assertion that the District Court was without “authority” to issue the anti-suit injunction. We will not revisit that ruling.
Appellants vigorously protest the finding that they had attempted to subvert the removal statute. They argue that they had “every right to delete the non-federal claims by amending their Complaint and filing them in state court in the hope of beginning merits discovery which had been stayed in federal courts for four years.” (Appellants’ Br. at 28-29.) They suggest that they did not improperly seek to re-initiate state court litigation in an action removed to federal court; but, rather, had simply begun a second state court case from which they omitted the RICO claim that had been the basis for removal. (Id. at 27-28.)
This is yet another distinction without a difference. Both the District Court and the Chancery Court found that “the [Appellants’] claims filed in the [re-filed] Chancery Court derive from the same set of facts as the [Appellants’] RICO claims.” Davis Int’l, 2009 WL 1321900 at *3, 2009 U.S. Dist. LEXIS 40895 at *9-10. Appellants candidly admit that they re-filed the Chancery Court action “in the hope of beginning merits discovery which had been stayed in federal courts for four years.” This is exactly the kind of abusive tactic that courts have condemned as an attempt to subvert the removal statute. See Kan. Pub. Employees Ret. Sys., 77 F.3d at 1070-71 (plaintiffs subverted removal statute when they re-filed some of their claims in a second state court suit because they were displeased with federal court’s ruling on statute of limitations issue); Frith, 512 F.2d at 901 (plaintiff subverted removal statute when district court denied a motion to remand tort claims and plaintiff re-filed claims in a second state court suit).
In these circumstances, the District Court correctly concluded that Appellants had attempted to subvert the removal statute and so properly enjoined them under the Anti-Injunction Act’s expressly authorized exception.
B.
Appellants also argue that the District Court erroneously denied their motion to submit a supplemental brief on the injunction issue. Again, we do not agree.
After our remand, the District Court set out the following briefing schedule on the injunction issue: Appellees’ opening brief was due on August 13, 2007, Appellants’ answering brief was due September 13, 2007, and Appellees’ reply brief was due September 28, 2007. On October 27, 2008, Appellants moved to submit a supplemental brief summarizing an English Court’s recent findings on the inadequacy of Russia’s legal system. Because “briefing was complete” and the District Court believed it had all the materials it needed to rule on Appellees’ injunction request, it denied Appellants’ motion. Davis Int’l, 2009 WL 1321900 at *3 n. 4, 2009 U.S. Dist. LEXIS 40895 at *10 n. 4. We will not disturb that decision, which was certainly well within the District Court’s discretion. See Murray v. Commercial Union Ins. Co., 782 F.2d 432, 435 (3d Cir.1986); Boileau, 730 F.2d at 938. Cf. Pfeil v. Rogers, 757 F.2d 850, 858 (7 Cir.1985), cert. denied, 475 U.S. 1107, 106 S.Ct. 1513, 89 L.Ed.2d 912 (1986) (“The decision to disregard all material submitted after a reasonable filing deadline is certainly not an abuse of discretion ...”).
*339 v.
We will affirm the orders of the District Court enjoining Appellants from pursuing any further litigation on their claims in the United States and denying their motion to file a supplemental brief.