Joseph LePORE, an individual, and Great Lakes Glass, Inc., Plaintiffs,

v.

PARKER–WOODWARD CORPORATION a/k/a Woodward–Parker Corporation, Rayco Group, Petersen Construction and Development, Inc., Rayco Group and Petersen Construction, a Joint Venture, Resolution Trust Corporation, as Receiver of New Guaranty Federal Savings and Loan Association, Bill Karl's Landscape Cont., Fantin Enterprises, Inc., Smith & Smith Associates, W.J. Stewart Contracting Corp., Bob Henderson Contractors, Tri–County Builder's Hardware Co., H.L. Claeys & Co., Riesch Floor Ceiling and Partition, Asphalt Specialists/Asphalt Renovations, Zilka Heating & Cooling, Inc., Gary's Electric Service Company, Pete's Painting, Northwest Propane, Inc., jointly and severally, Defendants.

and

LAKESIDE FLOOR CORPORATION, Cross–Plaintiff,

v.

PARKER–WOODWARD CORPORATION a/k/a Woodward–Parker Corporation, Rayco Group, Petersen Construction and Development, Inc., Rayco Group and Petersen Construction, a Joint Venture, Resolution Trust Corporation, as Re-

ceiver of New Guaranty Federal Savings and Loan Association, Bill Karl's Landscape Cont., Fantin Enterprises, Inc., Smith & Smith Associates, W.J. Stewart Contracting Corp., Bob Henderson Contractors, Tri–County Builder's Hardware Co., H.L. Claeys & Co., Riesch Floor Ceiling and Partition, Asphalt Specialists/Asphalt Renovations, Zilka Heating & Cooling, Inc., Gary's Electric Service Company, Pete's Painting, Northwest Propane, Inc., jointly and severally, Cross–Plaintiffs,

WOODWARD–PARKER CORPORATION,
Plaintiff,

v.

Raymond J. HUSIC; Carl Petersen; and Rayco/Petersen Group Construction, a joint venture, jointly and severally, Defendants,

and

RAYCO/PETERSEN GROUP
CONSTRUCTION, Counter-
plaintiff,

v.

WOODWARD–PARKER CORPORATION,
Counter–defendant,

and

RAYCO/PETERSEN GROUP
CONSTRUCTION, Third-
Party Plaintiff,

v.

H. Wallace PARKER; Patricia W. Parker; Tri–County Builders Hardware Company; H.L. Claeys Company; Riesch Floor Covering; Lakeside Floor; Pontiac Ceiling Partitioning Company; Asphalt Specialists, Inc.; Zilka Heating; Gary's Electric; Pete's Painting; Bill Karl's Landscaping; Fantin Enterprises, Inc.; Smith & Smith Associates Architects;

Bob Henderson Construction, Northwest Propane; W.J. Stewart Contract Corporation; and Resolution Trust Corporation, as Receiver of New Guaranty Federal Savings and Loan Association, Third-party Defendants,

and

LAKESIDE FLOOR CORPORATION,
Third-party Cross- and Counter-
plaintiff,

v.

RAYCO/PETERSEN GROUP
CONSTRUCTION, Third-
party Counter-defendant,

and

H. Wallace Parker; Patricia W. Parker; Tri–County Builders Hardware Company; H.L. Claeys Company; Riesch Floor Covering; Lakeside Floor; Pontiac Ceiling Partitioning Company; Asphalt Specialists, Inc.; Zilka Heating; Gary's Electric; Pete's Painting; Bill Karl's Landscaping; Fantin Enterprises, Inc.; Smith & Smith Associates Architects; Bob Henderson Construction, Northwest Propane; W.J. Stewart Contract Corporation; Resolution Trust Corporation, as Receiver of New Guaranty Federal Savings and Loan Association; and Northern Propane, Inc., Third-party Cross-defendants.

Nos. 89–73475, 89–73476,
89–73476, 89–73475.

United States District Court,
E.D. Michigan, S.D.

Jan. 15, 1993.

Patricia M. Morrow, Dean & Fulkerson, Troy, MI, Michael J. Sugameli, Cummings, McClorey, Farmington Hills, MI, for Joseph LePore, Great Lakes Glass, Inc.

H. Wallace Parker, H. Wallace Parker Assoc., Bloomfield Hills, MI, for Parker-Woodward Corp.

D. Douglas McGaw, Poling, McGaw, Troy, MI, for Rayco Group.

David J. Lee, Booth, Patterson, Waterford, MI, for Bill Karl's Landscape Const.

Larry E. Powe, Freeman McKenzie, Mount Clemens, MI, Jeffrey L. Portis, Dold, Spath, Troy, MI, D. Douglas McGaw, Poling & McGaw, Troy, MI, for Peterson Const. and Development, Inc.

Larry E. Powe, Freeman McKenzie, Mount Clemens, MI, for Resolution Trust Corp.

Bruce M. Pregler, Grylls, Facca, Royal Oak, MI, for W.J. Steward Contracting Corp.

Steven G. Freers, Warren, MI, for H.L. Claeys and Co.

Jeffrey W. Rentschler, Ronald J. Gricius Assoc., Mount Clemens, MI, for Lakeside Floor.

Bradley J. McLampy, Robert M. Brimacombe, Conlin, McKenney, Ann Arbor, MI, for Pontiac Ceiling and Partition.

Leslie M. Sanders, Cook & Goetz, Birmingham, MI, for Asphalt Specialists/Asphalt Renovations.

Richard B. Smutek, Warren, MI, for Tri-County Builder's Hardware Co.

David J. Lee, Booth, Patterson, Waterford, MI, for Bill Karl's Landscape Const.

## ORDER GRANTING WOODWARD-PARKER CORPORATION'S MOTION FOR INJUNCTIVE RELIEF AND MOTION FOR SANCTIONS

GADOLA, District Judge.

On December 21, 1992, this court, at the request of Woodward-Parker Corporation ("WPC"), entered an order requiring Resolution Trust Corporation ("RTC") to show cause as to why it should not be sanctioned and as to why an injunction should not issue ordering RTC to return to WPC's tenant, the Law Offices of H. Wallace Parker, possession of the premises located at 1275 S. Woodward Avenue, Bloomfield Hills, Michigan.

### I. Facts

This lawsuit began in September 1989, when WPC filed suit in state court against RTC and against Rayco/Petersen Construction for specific performance of a construction loan agreement ("CLA") entered into by RTC's predecessor, Guaranty Federal Savings ("GFS") (a now defunct Michigan lending institution), and by WPC. The CLA was to provide financing in incremental payments for the construction of a commercial building at 1275 S. Woodward Avenue, Bloomfield Hills, Michigan. In October 1989, a subcontractor, Great Lakes Glass, Inc. and its president Joseph LePore, filed in state court a second suit in the form of a lien claim against said building, which it had helped to construct. Both suits were instituted in Oakland County Circuit Court, Michigan.

The second suit named as defendants the owner of the building, WPC; the bank that had funded the construction project, GFS; and the other subcontractors who had worked on the construction project. Because Guaranty Federal had gone into receivership July 27, 1989, RTC was substituted as a party to this action; on November 29, 1989, pursuant to 12 U.S.C. § 1441a(b) and 28 U.S.C. § 1446, RTC removed both actions to federal court. On May 30, 1990, RTC filed a

third-party complaint for foreclosure of the CLA, alleging that WPC was in default.

In September 1990, RTC filed an affidavit and notice of default with the Oakland County Register of Deeds office, wherein RTC stated that WPC was in default on its mortgage agreement. In October and December 1990, RTC sent to the law offices of H. Wallace Parker a letter and copy of the notice of default; in the letter, RTC claimed that it was entitled to receive rent payments directly from the tenants of WPC since WPC was in default on its mortgage. H. Wallace Parker disputed RTC's claim and an escrow account was established into which rent payments were made by the law offices of H. Wallace Parker until the issue of default could be decided by a court.

In June 1991, RTC brought an action in state court claiming that the law offices of H. Wallace Parker were not fulfilling their rental agreement with WPC and that therefore, RTC was entitled to evict the law offices from the premises.[1] In June 1992, the Law Offices of H. Wallace Parker filed a motion in this court to enjoin the state court landlord-tenant proceedings; this relief was denied.[2] A trial on the issue of whether WPC was in default on the mortgage was conducted in state court.[3]

Nowhere in the pleadings submitted to this court in connection with the motion for summary foreclosure did either side indicate to this court that there was an action based on the issue of default pending in the Michigan state courts. Nevertheless, on November 16, 1992, four days after this court held its hearing on the issue of default, the Oakland County Circuit Court heard oral arguments from RTC and WPC on the issues of default and of RTC's right to evict WPC's tenants then occupying the property located at 1275 S. Woodward Avenue, Bloomfield Hills, Michigan; the state court ruled from the bench in favor of RTC and a formal opinion was entered by the state court on December 10, 1992.[4]

On Thursday, November 12, 1992, this court heard oral argument on RTC's motion for summary judgment of foreclosure brought against WPC on September 18, 1992. On November 30, 1992, this court entered an order denying RTC's motion for summary judgment of foreclosure.[5] On December 15, 1992, RTC served upon the law offices of H. Wallace Parker, a copy of the state court order. On December 16, 1992, RTC petitioned the state court for and obtained a writ of restitution. On December 18, 1992, officers of the state court effected eviction of WPC's tenant, the Law Offices of H. Wallace Parker.

## II. Analysis

Although the anti-injunction statute, 28 U.S.C. § 2283, generally prohibits federal courts from enjoining or staying state court proceedings, an exception is made where an injunction is expressly authorized by an act of Congress. *Frith v. Blazon–Flexible Flyer, Inc.*, 512 F.2d 899, 901 (5th Cir.1975). One of the long recognized statutory exceptions to the prohibition of the anti-injunction

---

**1.** RTC argued at the December 30, 1992 hearing on this motion for sanctions and injunctive relief that the action for eviction brought by RTC in state court was different from the action for foreclosure brought before this court by RTC's notice of removal and complaint for foreclosure. RTC's argument is disingenuous; both actions are directly premised upon the issue of whether WPC is in default on the CLA.

**2.** Because WPC was not a party to this lawsuit, the court's denial of relief to the tenant had no effect on the suit between WPC and RTC.

**3.** The parties indicated to this court at the December 30, 1992 hearing that the state court was made aware that the issue of default was pending before this court; nevertheless, the state court allowed the suit to proceed.

**4.** The state court opinion is date stamped December 01, 1992; however, RTC claims that this is a typographical error evidenced by the fact that the order was entered on the record on December 11, 1992.

**5.** On December 10, 1992, United States Magistrate Judge Paul J. Komives entered an order granting a motion for priority of all construction lien claimants filed by Rayco/Petersen Group Construction ("Rayco"), as general contractor for the project; thus, any claim RTC is determined at trial to have against WPC is subordinate to the claims of the subcontractors who constructed the building.

statute is the language of 28 U.S.C. § 1446 that upon removal from state to federal court "the State court shall proceed no further unless and until the case is remanded." *Id.* Consequently, where a district court finds that a second suit filed in state court is an attempt to subvert the purposes of the removal statute and is aimed at defeating federal jurisdiction, the court is justified and authorized by § 1446(e) in enjoining the proceedings in the state court. *Id.*

Normally, where the district court is faced with the existence of a second suit dealing with the same facts and issues raised by the first, removed suit, the second suit was one brought by the plaintiff who was dissatisfied that his claim had been removed from state court. In this case, however, the removing party, RTC, was the defendant in the original state action. Ten months after effecting the removal and only four months after filing with this court a complaint for foreclosure based on a claim of default against WPC, this removing party filed a state court action based upon the same issue of default.[6]

As noted above, RTC made no mention to this court of these state court proceedings either at the November 12, 1992 hearing on its motion for summary judgment of foreclosure or in its pleadings on that motion. The fact that RTC did not seek foreclosure on the building in the state court but rather chose only to direct its action toward evicting the law offices of H. Wallace Parker from the building seems to indicate that RTC pursued the state court eviction to punish H. Wallace Parker rather than to satisfy the debt it claims is owed to it by WPC.[7]

Following removal of the action under 28 U.S.C. § 1446, this court was vested with exclusive jurisdiction of the claims alleged therein. The court finds that the second suit, brought in state court by RTC against WPC, was filed for the purpose of defeating the federal jurisdiction which RTC had itself invoked; such action resulted in a waste of judicial resources. As stated above, this court has the power, under 28 U.S.C. § 1446, to enjoin the state court proceedings since the state court lacked jurisdiction over this matter. This court therefore finds that the actions of the state court in this matter are void.

### ORDER

Therefore, it is hereby **ORDERED** that the state law proceedings which resulted in the eviction of WPC's tenant are **HEREBY ENJOINED AND DECLARED VOID.**

It is further **ORDERED** that RTC, being unentitled to possession of the premises located at 1275 S. Woodward Avenue, Bloomfield Hills, Michigan by order of this court dated November 30, 1992, is **ORDERED** to return possession of said premises to WPC.

It is further **ORDERED** that RTC shall compensate said tenants for actual losses incurred as a result of the wrongful eviction occurring on December 18, 1992.

**SO ORDERED.**

---

**6.** In commencing its state court action in September 1990, RTC filed an affidavit stating that WPC was in default on its mortgage; in fact, the issue of whether WPC was in default was pending before this court and had not yet been decided. The Michigan statute under which RTC brought its state court action specifically states that "Such assignment of rents shall be binding upon such assignor only in the event of default in the terms and conditions of said mortgage...." Mich.Comp.Laws Ann. § 554.231 (1979). Thus, RTC's representations in state court were disingenuous, as is its claim to this court that it had a right to the rental payments upon filing of the notice of default regardless of whether there was in fact a default.

**7.** The court can find no other explanation for the puzzling behavior of RTC. First, RTC asks that the action be removed to federal court. Then, it brings suit in state court on an issue that it had already made part of that federal litigation. RTC wins its case in state court. While this state court victory is on appeal, RTC requests the federal court, in a motion for summary judgment of foreclosure, to decide the same issue, (that is, the issue of whether it was entitled to foreclose on the mortgage held on the property of WPC), but RTC does not mention to the federal court that there exist state court proceedings on this same issue.