United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 14, 2005**

Charles R. Fulbruge III
Clerk

REVISED JUNE 28, 2005

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30963

SHIRLEY FULFORD; DONALD DEROGERS; IRMA O. THOMAS,

Plaintiffs-Appellees

versus

TRANSPORT SERVICES COMPANY; PROTECTIVE INSURANCE COMPANY,

Defendants-Appellants

YOLANDA M. ABRAM; JACQUELIN GORDON, wife of; BOBBY GORDON, and on
Behalf of Those Similarly Situated,

Plaintiffs-Appellees

versus

TRANSPORT SERVICES COMPANY,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana

Before WIENER, DeMOSS and PRADO, Circuit Judges.

PER CURIAM:

Appellant Transport Services Company ("Transport") appeals the
district court's order denying its motion to enjoin state court
proceedings. We affirm.

# I. FACTS AND PROCEEDINGS

Appellees Shirley Fulford, Donald DeRogers, and Irma Thomas (collectively the "Fulford plaintiffs") filed a class action petition in Louisiana state court against Transport claiming damages from an alleged chemical spill that occurred on August 7, 2002 (the "Fulford suit"). A second class action suit (the "Abram suit") was filed the following day in Louisiana state court by Appellees Yolanda Abram, Jacquelin Gordon and Bobby Gordon (collectively the "Abram plaintiffs") containing essentially identical allegations as the Fulford suit. Transport removed the Fulford suit to the Eastern District of Louisiana based on federal diversity jurisdiction, then removed the Abram suit which thereafter was consolidated with the Fulford suit. Both the Fulford and Abram plaintiffs filed motions to amend their petitions to add Dan Davis and Protective Insurance Company ("Protective") as defendants. Davis, a non-diverse party, was the driver of the transport truck at the time of the alleged spill. The Fulford plaintiffs also filed a motion to remand their case to state court, but this motion was denied by the district court as premature. One week later, the district court denied the motions to amend the complaints in both suits to add Davis.[1] The district court, in denying the motion to amend the complaints to add Davis, adopted the magistrate judge's findings that (1) the purpose of the

---

[1] The motion to add Protective went unopposed by Transport and was granted by the district court.

amendment was to defeat diversity jurisdiction, (2) the plaintiffs were dilatory in asking for the amendment, and (3) Transport and Protective stipulated that they would be responsible for Davis's liability on the theory of respondeat superior, pretermitting any possibility that the plaintiffs would suffer hardship if the amendment was not allowed.

The Fulford plaintiffs, at the invitation of the district court, filed a motion for class certification, but the Abram plaintiffs never filed for class certification. The district court denied the Fulford plaintiffs' motion for class certification, and after denying a motion for reconsideration, denied permission to the Fulford plaintiffs to bring an interlocutory appeal on the question of class certification.

Following the denial of class certification in the Fulford suit, a new action, Smith v. Transport Services Co. (the "Smith suit"), was filed in Louisiana state court. The plaintiffs in the Smith suit (the "Smith plaintiffs"), like those in the Fulford and Abram suits, claimed damages arising from the same alleged August 7, 2002 chemical spill and sought class certification as well. The Smith plaintiffs are represented by the same attorneys who represent the Fulford and Abram plaintiffs, and the Smith plaintiffs seek the same relief for the same cause of action. A review of the record shows that the state court complaints in the Fulford and Abram suits are essentially identical to those in the Smith suit complaint. There are two differences, however, between

3

the Fulford and Abram suits and the Smith suit:  (1) Davis is named as a defendant in the Smith suit, and (2) different individuals are named as class representatives in the Smith suit.

Transport filed a motion in the Fulford and Abram actions to enjoin the Smith suit, claiming that the purpose of the Smith suit was to evade and subvert the purpose of the federal removal statute.  Relying on our decision in Frith v. Blazon-Flexible Flyer, Inc.,[2] the district court held that an injunction was not proper because the Fulford and Abram plaintiffs failed to allege fraudulent joinder of Davis in their motion to enjoin the state court proceedings in the Smith suit.  In a footnote at the end of its order, the district court requested further clarification of Frith, noting that it "plainly appear[s] that [the Smith] plaintiffs' motive in naming Davis was in fact to avoid removal." Transport appeals the district court's order denying Transport's motion to enjoin the state court proceedings in the Smith suit.

## II. ANALYSIS

Although Transport purports to raise two issues on appeal, it is essentially one issue:  whether the district court erred in denying Transport's motion to enjoin the Smith suit proceedings in state court.  Transport contends that there is a second issue, even though it is really a subsidiary of the first issue:  Can a district court enjoin a state court  proceeding under 28 U.S.C. §

---

[2] 512 F.2d 899 (5th Cir. 1975).

1446(d) —— an exception to the Anti-Injunction Act, 28 U.S.C. § 2283 —— in the absence of a holding by the district court that the plaintiffs in the state court suit fraudulently joined a non-diverse defendant?  There is no need for us to address this subsidiary question, however, as the first question can be answered in the negative without reaching the subsidiary one.  Once the district court denied class certification, the Smith suit plaintiffs were no longer implicated in the Fulford and Abram proceedings, and were therefore free to bring their own suit in state court.

The Anti-Injunction Act states that

[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.[3]

The Act, on its face, "is an absolute prohibition aaginst [sic] enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions."[4]  "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy."[5]  Transport limits its argument to the application of

---

[3] 28 U.S.C. § 2283.

[4] Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 286 (1970).

[5] Id. at 297.

the "expressly authorized" exception to § 2283; specifically, that the district court was authorized to enjoin the Smith suit by the language of the removal statute, 28 U.S.C. § 1446. Section 1446(d) has long been recognized as one of the statutory exceptions to § 2283.[6] It states that once removal has taken place, "the State court shall proceed no further unless and until the case is remanded."[7]

In Frith, the plaintiff's original case was removed from state court to the district court on the basis of diversity jurisdiction. Following removal, the plaintiff filed a second suit in state court on the same claim, but joined a resident defendant. The defendants removed the second case, relying on the doctrine of fraudulent joinder.[8] The plaintiff filed a motion to remand the removed second case, and the district court granted the remand, explicitly holding that the case did not fit within the doctrine of fraudulent joinder. The Frith defendants responded by obtaining an injunction in the first, properly removed case, prohibiting the plaintiff from proceeding in the state action. We reversed that injunction, holding that the district court's determination that there was no fraudulent joinder in the second one was an implicit holding that

---

[6] Frith, 512 F.2d at 901 (citing Toucey v. New York Life Ins. Co., 314 U.S. 118 (1941)). The Frith court was looking at § 1446(e), changed in the 1988 amendments to § 1446(d).

[7] 28 U.S.C. § 1446(d).

[8] On removal, the second case was assigned to a different district court judge.

"the second suit was not brought in an attempt to subvert the purposes of the removal statute and was not aimed at defeating federal jurisdiction."[9]

In the instant case, the district court interpreted <u>Frith</u> as requiring a finding of fraudulent joinder before it could conclude that a second lawsuit filed in state court was meant to subvert the purposes of the removal statute. Transport insists that this was error, arguing that a finding of fraudulent joinder is not a prerequisite to a showing that a second suit was meant to subvert the purposes of the removal statute. Transport points to statements by the district court that the Smith plaintiffs named Davis to avoid federal jurisdiction. It is unnecessary, however, for us to reach this question. Once the district court refused class certification in the Fulford suit, the Smith plaintiffs were no longer involved in the Fulford and Abram suits and were therefore free either to (1) attempt to intervene or (2) bring their own suit.[10] This stands in clear contrast to <u>Frith</u>, in which

_____

[9] <u>Frith</u>, 512 F.2d at 901.

[10] <u>Crown, Cork & Seal Co. v. Parker</u>, 462 U.S. 345, 354 (1983) ("Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action."). The <u>Smith</u> plaintiffs were in fact required to bring suit in order to protect their potential right to recover. <u>See</u> <u>Stone Container Corp. v. United States</u>, 229 F.3d 1345, 1355 (Fed. Cir. 2000) (tolling of statute of limitations for putative class members ends with denial of class action certification); <u>Armstrong v. Martin Marietta Corp.</u>, 138 F.3d 1374, 1391 (11th Cir. 1998) (same).

7

the same plaintiff filed both the first and second lawsuits. Section 1446(d) is not implicated here because, following the district court's refusal to certify a class in the Fulford suit, there was no removal jurisdiction to protect vis-à-vis the Smith plaintiffs — they were no longer a part of the removed Fulford and Abram suits.[11]

None of the other cases to which Transport cites supports its position. The Eighth Circuit decision in <u>Kansas Public Employees Retirement System v. Reimer & Koger Associates, Inc.</u>[12] ("<u>KPERS</u>") is distinguishable because, like <u>Frith</u>, the same plaintiff in the federal suit filed the second state court suit. The <u>KPERS</u> court made this distinction explicit when it stated the principle from <u>Frith</u> that it relied on: "[A]fter removal <u>the plaintiff</u> cannot file essentially the same case in a second state action to subvert federal jurisdiction."[13]

Similarly, in <u>Lou v. Belzberg</u>,[14] the plaintiff first combined state and federal claims in a state court suit, alleging derivative

_____

[11] The Appellees argue that the denial of certification was equivalent to a remand, and therefore satisfies the express condition in § 1446(d) that the state court not proceed "unless and until the case is remanded." Appellees argument is incorrect — the denial of certification was not a remand, it was more akin to the dismissal of the putative class plaintiff's without prejudice.

[12] 77 F.3d 1063 (8th Cir. 1996).

[13] <u>Id.</u> at 1069 (emphasis added).

[14] 834 F.2d 730 (9th Cir. 1987).

claims on behalf of a corporation and claims on behalf of a class comprising the corporation's shareholders.  After the defendants removed the first case, a second plaintiff, who was represented by the same attorneys and who was also a shareholder, filed a second suit in state court in which she asserted additional state law claims and omitted the federal claims.  The federal district court in the removed case enjoined the state court suit.  The Ninth Circuit recognized that a federal court must have the ability to enjoin state proceedings that are filed to subvert the purposes of the relevant federal removal statute.[15]  On the facts before it in Belzberg, however, the Ninth Circuit reversed the injunction on the ground that it was barred by the Anti-Injunction Act.  The district court had not ruled that the second suit was "fraudulent or an attempt to subvert the purposes of the removal statute,"[16] and the second suit involved "different plaintiffs, additional counsel, additional defendants, and only state claims."[17]  There was therefore no basis for concluding that the new suit was merely a refiling of the old suit in an attempt to subvert the purposes of the removal statute.

Belzberg, although arguably more apposite than Frith or KPERS, is nevertheless distinguishable on the ground that the plaintiff/

---

[15] Id. at 741.

[16] Id.

[17] Id.

9

shareholder filed the second suit while the shareholder class action was still intact in the federal court; i.e., the second plaintiff was still a member of the plaintiff class in the federal suit. Here, the Smith plaintiffs ceased having any connection to the Fulford and Abram suits when class certification was rejected in the Fulford suit and abandoned in the Abram suit. This left the Smith plaintiffs with no recourse but to file their own suit, and they were free to do so.

Transport argues in its reply brief that the Smith plaintiffs did not have to file suit in state court to protect their rights because they could have attempted to intervene in the Fulford and Abram actions. Although the Smith plaintiffs appear to have had that option, they also had the option of filing their own suit.[18] Nothing required them to exercise the intervention option; the choice was theirs to make.

Transport might have prevailed had it removed the Smith suit on a claim of fraudulent joinder of Davis, but for reasons not apparent on appeal, Transport never pursued this alternative. The district court's order denying Transport's motion for an injunction of state court proceedings in the Smith case is
AFFIRMED.

---

[18] Crown, Cork & Seal Co., 462 U.S. at 354 (after denial of class certification, "class members may choose to file their own suits or to intervene as plaintiffs in the pending action").

10