**Reid GINTER, Willie L. Bennett, Stephen M. Murphy, Richard Poston, Robert L. Vander Leest, Carmen Vander Leest, and Sandra Davis, on behalf of themselves and a similarly situated class, Plaintiffs,**

v.

**WHIRLPOOL CORPORATION and Whirlpool Corporation Group Benefit Plan, Defendants.**

No. 4:090–cv–408.

United States District Court,
S.D. Iowa,
Central Division.

Dec. 3, 2009.

Michael L. Fayette, Pinsky Smith Fayette & Kennedy LLP, Grand Rapids, MI, Roger J. McClow, Samuel C. McKnight, David R. Radtke, Kimberly Anne Saks, Klimist McKnight Sale McClow & Canzano PC, Southfield, MI, for Plaintiffs.

Douglas A. Darch, Miriam B. Geraghty, Joseph W. LaFramboise, Meagan C. LeGear, Baker & McKenzie LLP, Chicago, IL, Gene R. La Suer, Deborah M. Tharnish, Davis Brown Koehn Shors & Roberts PC, Des Moines, IA, David Michael Peterson, II, Peterson Cullitan & Peterson PLC, St. Joseph, MI, for Defendants.

## ORDER

ROBERT W. PRATT, Chief Judge.

Before the Court is Plaintiffs' Motion for Voluntary Dismissal under Federal Rule of Civil Procedure 41(a)(2) and the First to File Rule (Clerk's No. 106), filed October 26, 2009. Defendants filed a Resistance to the Motion on November 12, 2009 (Clerk's No. 115), and Plaintiffs filed a Reply on November 24, 2009 (Clerk's No. 120). The matter is fully submitted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 24, 2008, Maytag Corp. (a subsidiary of Whirlpool Corp.) and Whirlpool Corp. (collectively "Whirlpool") filed a Complaint against International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America; United Automobile Workers Local 997; Henry Vanderheiden, Jr.; Daniel Stock; and Lyle Ettelson, Jr. (referred to collectively as "UAW"). *See* Case No. 4:08–cv–291 ("the Iowa Action"), Clerk's No. 1. On or about March 31, 2006, Whirlpool acquired Maytag, and took over operations of the Maytag facility in Newton, Iowa. *Id.* ¶¶ 3, 5. At the time Whirlpool acquired Maytag, employees of the Newton, Iowa Maytag facility were represented by UAW Local 997, which had a Collective Bargaining Agreement (the "Maytag CBA") with Maytag governing the terms and conditions of employment for union members. *Id.* ¶¶ 6–14. When Whirlpool assumed operations of the Newton facility, it also assumed the Maytag CBA and related benefits plans between Maytag and the UAW. *Id.* ¶ 15. The Maytag CBA expired on July 31, 2008. *Id.* ¶ 12.

During a collective bargaining negotiation session held on July 1, 2008, in anticipation of the expiration of the Maytag CBA, Whirlpool proposed modifying medical benefits provided to retirees and their dependents. *Id.* ¶ 28. Specifically, Whirlpool proposed to move all current and future retirees of Maytag to the Whirlpool Corporation Group Benefit Plan ("the Whirlpool Plan"). *Id.* ¶ 29. The UAW responded to Whirlpool's proposal by stating that it would not bargain over the proposed modifications. *Id.* ¶ 30. The UAW further stated its belief that Whirlpool could not modify the medical benefits of current retirees. *Id.* ¶ 31. Whirlpool responded by filing its July 24, 2008 Com-

plaint, wherein it requested a declaratory judgment that Whirlpool "has the right to change the retiree medical benefit schedule effective January 1, 2009, following its unilateral decision to continue the current schedule until that date, without violating any collective bargaining agreement or ERISA." *Id.* ¶ 1.

On August 8, 2008, the Plaintiffs in the present action filed a Complaint in the Western District of Michigan (hereinafter the "Ginter Action"), asserting that Whirlpool improperly made changes to the health care benefits of retirees who formerly worked at Whirlpool's Mt. Sterling, Kentucky plant or at the Newton, Iowa Maytag plant. Clerk's No. 1. Plaintiffs requested that a declaratory judgment be entered providing that Whirlpool is obligated by ERISA and the LMRA to provide health care benefits to retirees as provided in the applicable CBAs. *Id.* On August 26, 2008, Whirlpool filed a Motion to Transfer Venue under the First Filed Rule in the Ginter Action, asserting that the Ginter Action should be transferred to Iowa. Clerk's No. 6. On September 3, 2008, the UAW filed a similar request in the Iowa Action, requesting that the Iowa Action either be dismissed or be transferred to Michigan pursuant to 28 U.S.C. § 1404(a). Case No. 4:08–cv–291, Clerk's No. 22. On October 2, 2008, Judge Gordon J. Quist initially denied Whirlpool's Motion under the First Filed Rule in the Ginter Action, stating that the matter should be "defer[red] to the district court in which the earlier case was filed." Clerk's No. 27 at 3. While awaiting a decision on the first filed issue in the Iowa Action, Judge Quist granted a request for class certification by the Plaintiffs in the Ginter Action. *See* Clerk's No. 47. Judge Quist did not, however, order that putative class members be notified of the action. *See id.* ("[T]he Court declines to exercise

its discretion under Fed.R.Civ.P. 23(c)(2)(A) to require notice to the Class.").

On February 11, 2009, Judge James E. Gritzner denied UAW's Motion to either dismiss the Iowa action or transfer it to Michigan. Case No. 4:08–cv–291, Clerk's No. 63. On February 12, 2009, Whirlpool filed a renewed motion in the Ginter Action to transfer the Ginter Action to Iowa under the first filed rule. Clerk's No. 52. On July 1, 2009, Judge Quist ordered the Ginter Action transferred to Iowa. Clerk's Nos. 82–83. Following an unsuccessful appeal to the Sixth Circuit Court of Appeals, the Ginter Action was transferred to Iowa and assigned to the undersigned, on October 8, 2009. Clerk's No. 96. On October 15, 2009, Whirlpool filed a Motion requesting that the Court reassign and consolidate the Ginter Action with the Iowa Action pending before Judge Gritzner. Clerk's No. 98. Plaintiffs filed the present motion to voluntarily dismiss the Ginter Action on October 26, 2009. Clerk's No. 106. On November 20, 2009, Plaintiffs filed a resistance to Whirlpool's Motion to reassign and consolidate, citing their request to voluntarily dismiss the Ginter Action. Clerk's No. 118.

## II. LAW AND ANALYSIS

■ The Federal Rules of Civil Procedure provide that, after an opposing party files an answer to a Complaint, an action may be dismissed on a plaintiff's request "only by court order on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2). The grant or denial of a request for voluntary dismissal under Rule 41(a)(2) is committed to the sound discretion of the trial court. *See Paulucci v. City of Duluth,* 826 F.2d 780, 782–83 (8th Cir.1987). Rule 41(a)(2) authorizes dismissals at the request of a plaintiff "unless the defendant would suffer some plain legal prejudice." *New York, C. & St. L.R. Co. v. Vardaman,*

181 F.2d 769, 770 (8th Cir.1950). "Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Paulucci*, 826 F.2d at 782. Factors to be considered in deciding whether to grant a request for voluntary dismissal include: 1) the defendant's effort and expense expended in preparing for trial; 2) excessive delay and lack of diligence in the plaintiff's prosecution of the action; 3) insufficient explanation of the need for dismissal; and 4) the fact that a motion for summary judgment has been filed by the defendant. *See id.* at 783.

■ In their Motion to voluntarily dismiss the Ginter Action, Plaintiffs claim "that they no longer want to pursue this litigation and should not be required to prosecute this litigation against their will." Clerk's No. 106 at 1. Plaintiffs point out that no notice has been provided to putative class members in the Ginter Action and that "no discovery has been initiated in this action while the Iowa case has progressed to the point where discovery is nearly completed." *Id.* at 3. Plaintiffs further contend that any prejudice Whirlpool asserts is disingenuous in light of Whirlpool's prior statements indicating that the Ginter Action is duplicative of the Iowa Action. *See, e.g.,* Clerk's No. 7 (Whirlpool's brief in support of its request to transfer the Ginter Action to Iowa, stating: "This lawsuit ... presents precisely the same legal issue that is already presented in the Southern District of Iowa. The only difference between the two lawsuits is that this action also places at issue the rights of 78 additional retirees from a Mt. Sterling Kentucky facility, and has not yet named the UAW as a party."); Clerk's No. 52 at 5–6 (Whirlpool's renewed request to transfer the Ginter Action to Iowa, stating: "This lawsuit and the Iowa lawsuit involve identical claims under the LMRA and ERISA.... The resolution of the Iowa case will leave little or nothing to be determined in this lawsuit. As nearly all of the class members in this action are class members in the Iowa action, and the legal issues are the same, there is no question that this action duplicates the Iowa action.").

Whirlpool resists Plaintiffs' request to voluntarily dismiss the Ginter Action, arguing that Plaintiffs' request for voluntary dismissal is merely another attempt at forum shopping. *See* Whirlpool's Resistance Br. at 1 ("Given the history of this litigation ... it is apparent that Plaintiffs' Motion for Voluntary Dismissal is yet another effort to lodge this dispute in Michigan despite orders from three different courts finding the dispute belongs in this District."). Specifically, Whirlpool argues that all indications are that Plaintiffs intend to refile the Ginter Action in Michigan after the Iowa Action is concluded. Whirlpool further contends that dismissal of the Ginter Action is governed, not by Federal Rule of Civil Procedure 42(a)(2), but by Rule 23(e) because a class has been certified in the case. Finally, Whirlpool contends that the Ginter Action should not be dismissed because significant time and expense have already been expended on the matter.

In Plaintiffs' Reply to Whirlpool's arguments, Plaintiffs point out that there has been no formal discovery in the Ginter Action, that all docket entries in the Ginter Action have pertained to preliminary procedural matters, rather than substantive matters, and that the Iowa Action will proceed more expeditiously if the Ginter Action is dismissed. Pl.'s Reply at 2. Plaintiffs also counter Whirlpool's repeated contention that the present Motion to Dismiss is merely a precursor to an attempt to refile the action in Michigan at a later point in time: "Plaintiffs want to set the

record straight: Plaintiffs' counsel does not have the authority, and Plaintiffs have no intention, to re-file this case in Michigan or anywhere else with these or any other class members as long as the Iowa declaratory judgment action proceeds as a class action." *Id.* at 3.

█ The Court has carefully reviewed the arguments of the parties regarding dismissal and the docket activity in both the Iowa Action and the Ginter Action and finds that dismissal is appropriate. First, while Whirlpool argues that it has expended substantial effort and expense in preparing the Ginter Action for trial, the Court finds that any such effort and expense related primarily to legal wrangling over the proper forum for the action, rather than from any substantive work in actual preparation for trial. Indeed, discovery was stayed in the Ginter Action pending a decision on the forum selection issues. While the parties have undertaken some level of informal discovery, the clear implication of all pleadings in both actions is that such discovery is largely interchangeable between the Iowa Action and the Ginter Action. Second, the Court finds that Plaintiffs diligently pursued their legal positions as to the proper forum and that they have not delayed excessively in bringing the present Motion to Dismiss. Though Whirlpool argues that it was forced to litigate the forum issue for fifteen months, there are no indications in any of the pleadings that Plaintiffs sought the Michigan forum merely to vex or inconvenience Whirlpool, or that Plaintiffs' attempts to bring the present action in Michigan were entirely frivolous. The mere fact that Plaintiffs ardently pursued their position at both the district and appellate levels and lost is not evidence of excessive delay or lack of diligence. Third, the Court finds that Plaintiffs have adequately explained their desire for dis-

missal. Plaintiffs have represented to the Court that they do not wish to litigate this action in a forum they did not choose, and Plaintiffs have further stated that their belief that expenditures in pursuing this action would be duplicative and unnecessary given the various rulings finding that the Iowa action has precedence. Finally, no motion for summary judgment has been filed by Whirlpool in relation to the Ginter Action. Indeed, the only substantive motion outstanding is a Motion for Summary Judgment filed by Plaintiffs, which notably, Plaintiffs have stated is outdated given the extensive stays that were enforced in the case pending a determination of the proper forum.

█ With regard to Whirlpool's assertions of prejudice, the Court finds its concerns allayed to some extent by the assurance of Plaintiffs and Plaintiffs' counsel that they have no intent to refile the Ginter Action in Michigan or anywhere else, so long as the Iowa Action proceeds as a class action—a likely eventuality. Moreover, the Court believes that the Iowa Action will proceed far more efficiently and expeditiously without consolidation and parallel management of the Ginter Action, and many, if not all issues in the Iowa Action would be res judicata of issues that could potentially arise in an action filed later by the Ginter Plaintiffs. In short, the Court is not convinced that Plaintiffs' request for dismissal is simply a guise to permit Plaintiffs to refile the action in Michigan at a later date. Finally, the Court notes that the standard for voluntary dismissal under Rule 23(e) essentially parallels the standard for voluntary dismissal articulated in Rule 41(a)(2), requiring that the claims of a certified class may only be voluntarily dismissed "with the court's approval." Fed.R.Civ.P. 23(e). The primary significance of Rule 23(e) arises from its notice provision, an offshoot

of the general obligations Rule 23 imposes on the Court to protect the interests of absent class members. In this case, no notice has been provided to the Ginter Class of the action in the first instance, making notice of dismissal of the action under Rule 23(e) unnecessary. Moreover, the proposed class in the Iowa Action is virtually identical to the class actually certified in the Ginter Action, undermining the likelihood of any actual prejudice to absent class members.

### III.  CONCLUSION

For the reasons stated herein, Plaintiffs' Motion for Voluntary Dismissal (Clerk's No. 106) is GRANTED. The Court declines to award any attorneys fees to Whirlpool because it cannot say that the course of litigation in the Ginter Action was inappropriate, vexatious, or frivolous. Should Plaintiffs or Plaintiffs' counsel refile the Ginter Action in any form, separate from the Iowa Action and contrary to their stated position in the Reply Brief, the Court authorizes Whirlpool to reapply for an attorney fee award for all costs incurred in the Ginter Action, pursuant to Federal Rule of Civil Procedure 41(d)(1).

IT IS SO ORDERED.