Brad MAHONEY, Adam Conrad,
and Scott Conrad, Plaintiff,

v.

The SHERWIN WILLIAMS
COMPANY, Defendant.

No. 4:11–cv–00210–JEG.

United States District Court,
S.D. Iowa,
Central Division.

Jan. 9, 2013.

Brett J. Beattie, Beattie Law Firm PC,
Des Moines, IA, for Plaintiff.

Kevin J. Driscoll, Finley Alt Smith Scharn-
berg Craig, Hilmes & Gaffney PC, Des
Moines, IA, C. Tyler Havey, Joshua Wall,
Cozen O'Connor, Philadelphia, PA, Daniel R.
Johnson, Cozen O'Connor, Chicago, IL, for
Defendant.

## ORDER

JAMES E. GRITZNER, Chief Judge.

Before the Court is a Motion for Voluntary
Dismissal filed by Plaintiffs Brad Mahoney,
Adam Conrad, and Scott Conrad (collectively,
Plaintiffs), as well as a Motion to Enjoin
Plaintiffs From Further Prosecuting Their
Later Filed State Court Action filed by De-
fendant Sherwin Williams Company (Sherwin
Williams). At the hearing on these motions
held on December 12, 2012, the parties ex-
pressed through counsel that a stay of the
proceedings before this Court would be an
acceptable alternative to either dismissing
this case or enjoining the state court pro-
ceedings at issue.

## I. BACKGROUND

Plaintiffs are individuals and residents of Iowa, hired by Timothy and Angela Hatcher to stain the concrete floor in their basement. Plaintiffs were employees of Distinctive Crete, Inc. (DCI), the owner of which was Jamie Pottebaum (Pottebaum).[1] Sherwin Williams is an Ohio corporation with its principal place of business in Cleveland, Ohio. Although not parties to this action, Gierke–Robinson Company (Gierke) is an Iowa corporation with its principal place of business in Scott County, Iowa, and American Decorative Concrete Supply Company (ADCS) is an Arkansas corporation with its principal place of business in Arkansas.

On August 3, 2010, Plaintiffs were working at the Hatcher residence at 16227 Bakely Lane, Peosta, Iowa.[2] According to Pottebaum, Plaintiffs were cleaning the floor of the basement with acetone when he spoke with them over the telephone fifteen minutes before the explosion in the basement. Additionally, Plaintiffs stated explicitly to the police and in their interrogatory answers that they were cleaning the basement floor with Sherwin Williams acetone at the time of the explosion. Plaintiffs were injured in the explosion, though the homeowners and others in the area were not hurt.

On April 7, 2011, Plaintiffs filed a complaint against Sherwin Williams in the Iowa District Court for Polk County, Law No. CL121839 (*Mahoney I*). Sherwin Williams removed *Mahoney I* to federal court on May 9, 2011, under this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Sherwin Williams filed its Answer in this action on May 16, 2011. According to Sherwin Williams, the parties exchanged their Rule 26 Disclosures on August 30, 2011, and discovery continued in this case throughout 2011. Sherwin Williams filed an Amended Answer to Plaintiffs' Complaint, after receiving permission from the court, on November 9, 2011. Plaintiffs filed a motion to amend their complaint and add Gierke and ADCS as defendants on January 4, 2012. Sherwin Williams resisted Plaintiffs' motion on January 23, 2012, and Plaintiffs filed *Mahoney II* the same day in Johnson County against Sherwin Williams, Gierke, and ADCS. This Court set a hearing on Plaintiffs' Motion to Amend for February 7, 2012. Plaintiffs filed their Motion for Voluntary Dismissal on February 2, 2012, just five days before the scheduled hearing on their Motion to Amend.

After a hearing before Magistrate Judge Bremer, Sherwin Williams filed its Motion to Consolidate *Mahoney I* and *Mahoney II*, which was originally contested by Plaintiffs. After a phone hearing regarding the voluntary dismissal and consolidation motions on March 7, 2012, Plaintiffs withdrew their pending Motion to Amend and Motion for Voluntary Dismissal, and the parties stipulated to the consolidation of *Mahoney I* and *Mahoney II*. The Court entered an order consolidating the two cases on March 12, 2012.

Plaintiffs filed their Motion to Remand the consolidated action on March 12, 2012, asserting a lack of subject matter jurisdiction over *Mahoney II* because Plaintiffs' claims do not arise under federal law, and the joinder of Gierke destroys diversity. Addressing the removal issue in *Mahoney II* on the basis of the argument that the claims arise under federal law,[3] this Court granted Plaintiffs' Motion to Remand as to *Mahoney II* on July 26, 2012, due to a lack of subject matter jurisdiction, and it retained jurisdiction over *Mahoney I*.

This procedural journey, therefore, left the parties with parallel actions in state and federal court. Accordingly, now before the Court are Plaintiffs' Renewed Motion for Voluntary Dismissal of *Mahoney I* and Sherwin Williams' Motion to Enjoin *Mahoney II* in the state district court.

## II. DISCUSSION

### 1. Voluntary Dismissal Motion

■ Rule 41(a)(2) sets forth that "[e]xcept as provided in Rule 41(a)(1), an action may

---

1. Jamie Pottebaum died in July 2011, and his death is unrelated to this case.

2. Although Plaintiffs spell the street name two different ways, the proper spelling appears to be "Bakely."

3. Federal Hazardous Substances Act, 15 U.S.C. § 1261.

be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Further, "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R.Civ.P. 41(a)(2). "The grant or denial of a request for voluntary dismissal under Rule 41(a)(2) is committed to the sound discretion of the trial court." *Ginter v. Whirlpool Corp.*, 671 F.Supp.2d 1040, 1043 (S.D.Iowa 2009) (citing *Paulucci v. City of Duluth*, 826 F.2d 780, 782–83 (8th Cir.1987)).

 "In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice the defendants." *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir.1999). "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side. Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Paulucci*, 826 F.2d at 782.

 Plaintiffs assert in their motion that dismissal is proper to effectuate Plaintiffs' intent to bring their claims against Sherwin Williams and two newly-added defendants, Gierke and ADCS, in one court so as to prevent inconsistent verdicts. They also set forth a second alternative—that this Court could "stay this case until trial and post-trial relief is concluded in case number 3:12–cv–00017." Pl. Mot. for Voluntary Dismissal, ECF No. 52, p. 3.

Sherwin Williams responded to Plaintiffs' motion, providing two reasons to deny the motion and two further requests of the Court. First, Sherwin Williams argues that Plaintiffs fraudulently joined Gierke when they filed *Mahoney II* in state court, as Plaintiffs should have known whether Dye–N–Seal was involved in the explosion when it occurred and only added Gierke to the case to avoid federal court diversity jurisdiction. Second, Sherwin Williams contends voluntary dismissal would cause it legal prejudice, as they prefer to litigate in a court where *Daubert v. Merrell Dow Pharmaceuticals, Inc.*,

509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), acts as a gatekeeper with regard to expert witness testimony, and it contends Iowa does not always apply the *Daubert* test for such testimony. Sherwin Williams also contends Plaintiffs' forum-shopping constitutes legal prejudice and that the parties have expended significant time and resources in discovery and other trial preparation that would have to be duplicated in the state court matter.

Sherwin Williams then assents to the alternative Plaintiffs set forth regarding a stay in this case, with a slight modification. Rather than the extended stay proposed by Plaintiffs, Sherwin Williams agrees to the following:

[A] limited stay of this action pending confirmation in the state court action that, consistent with Plaintiffs' sworn discovery responses, Plaintiffs did not actually use Dye–N–Seal prior to the accident. Once this is confirmed, [Gierke and ADCS] should be dismissed from the state court action and this case can proceed to trial in this Court where it belongs.

Def. Resp. to Pl. Mot. for Voluntary Dismissal, ECF No. 54, p. 18.

Finally, if this Court grants Plaintiffs' motion, Sherwin Williams requests attorney fees and costs associated with the removal and defense of this action under the "terms that the court considers proper" language set forth in Rule 41(a)(2). Sherwin Williams cites "gamesmanship" and unwarranted procedural and legal maneuvering by Plaintiffs as support for such an award.

In Plaintiffs' reply brief to support their Motion for Voluntary Dismissal, Plaintiffs' counsel assert their ignorance as to the use of Dye–N–Seal in this case until December 2011, at which time it was brought to their attention that Dye–N–Seal may have been responsible in some way for their clients' injuries. They contend forum-shopping was never their motivation for filing suit against Gierke, a non-diverse party, but rather the new information provided to them necessitated adding parties at that time. Plaintiffs also argue Sherwin Williams is not prejudiced by dismissal and note that *Daubert*

does apply to Iowa cases if scientific evidence is at issue. Plaintiffs consent in their reply to the use of any discovery performed thus far in *Mahoney I* to be used in *Mahoney II* to ensure Sherwin Williams does not experience any prejudice from the time and expense associated with discovery in the present matter. Plaintiffs also contest Sherwin Williams' request for attorney fees.

## 2. Injunction Motion

The All Writs Act, 28 U.S.C. section 1651(a), sets forth that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." This essentially gives the federal courts the general power to issue different types of directives. However, this general power is limited by the Anti–Injunction Act, 28 U.S.C. section 2283, which states "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

Sherwin Williams filed its Motion to Enjoin *Mahoney II* as a shield against what it believes is Plaintiffs' attempt to evade the removal jurisdiction of federal courts. It argues first that this Court has the authority to enjoin *Mahoney II* "in aid of [its] respective jurisdiction" under the All Writs Act. 28 U.S.C. § 1651(a). ECF No. 55–1, p. 10. However, it then recognizes that the Anti–Injunction Act limits that authority, requiring the application of one of the act's recognized exceptions. Sherwin Williams contends that Congress has given express permission for courts to enjoin state action in order to protect federal removal jurisdiction from those attempting to evade such jurisdiction, thus satisfying one of the exceptions to the Anti–Injunction Act.

Sherwin Williams cites *Kansas Public Employees Retirement System v. Reimer & Koger Assocs., Inc.*, 77 F.3d 1063 (8th Cir.1996), for its holding that "[a]lthough the removal statute [12 U.S.C. section 1441(a)(1) ] only commands the state court to stay the case

that was actually removed, *it has been interpreted to authorize courts to enjoin later filed state court cases that were filed for the purpose of subverting federal removal jurisdiction.*" Def. Br. in Sup. of Mot. to Enjoin *Mahoney II*, ECF No. 55–1, p. 11 (quoting *KPERS*, 77 F.3d at 1068 (emphasis added by Sherwin Williams)). Sherwin Williams also cites *Myers v. Hertz Penske Truck Leasing, Inc.*, 572 F.Supp. 500, 502–03 (N.D.Ga.1983), and *Frith v. Blazon–Flexible Flyer, Inc.*, 512 F.2d 899 (5th Cir.1975), for further support of this argument.

Sherwin Williams argues that these cases support the use of an injunction if the Plaintiffs file a second cause of action in state court that essentially mirrors the federal case but is not removable due to a lack of diversity or federal question involved—the crucial issue, Sherwin Williams argues, is whether the Plaintiffs are attempting with their second cause of action to avoid removal to federal court by joining non-diverse parties, declining to bring federal claims that were brought in the federal action, etc. Sherwin Williams contends the holding in *KPERS* is broad and that the Eighth Circuit's reasoning in that case applies to any situation where a party is attempting to frustrate any federal court's removal jurisdiction as opposed to narrowly applying to the specific removal statute at issue in that case.

In response to Sherwin Williams' Motion to Enjoin *Mahoney II* in state court, Plaintiffs assert the applicability of the doctrine of collateral estoppel and the Anti–Injunction Act. Plaintiffs contend that Sherwin Williams cannot meet its burden under *KPERS* to show that *Mahoney II* was filed strictly to prevent removal to federal court, and that the holding in *Myers* does not apply because Plaintiffs here did not have knowledge of Dye–N–Seal's applicability to their case until later in 2011.

## 3. Supplemental Affidavit and Hearing

On December 4, 2012, Plaintiffs filed a Motion for Leave to File Affidavit of Adam Conrad in Support of Plaintiffs' Resistance to Defendant's Motion to Enjoin and in Support of Plaintiffs' Motion to Dismiss. Magistrate Judge Bremer granted this motion on De-

cember 10, 2012. Adam's affidavit states that he was employed for several years with DCI, and that "[a]t the time of the explosion, acetone was being used because it was necessary pursuant to Dye–N–Seal's needs and direction." Aff. of Adam Conrad, ECF No. 69–1, ¶¶ 5–6. He further stated that Gierke provided them with the instructions about using acetone and Dye–N–Seal together, and that "[i]f it was not for Dye–N–Seal, we would *not* have been using acetone on the day of the explosion and I would not have been injured." *Id.* at ¶¶ 6–7. He explained that they had only recently begun using Dye–N–Seal, and that "[p]rior to using Dye–N–Seal, Distinctive Crete and its employees used a muriatic acid-based dye" that did not require the use of acetone. *Id.* at ¶¶ 10–11. Further, he believes that "[i]f we were still using the muriatic acid-based dye, rather than Dye–N–Seal, the explosion would not have happened because we would not have been using acetone." *Id.* at ¶ 14. Adam then explains what he thinks a "chemical" consists of, and he does not include Dye–N–Seal in that category of products because it is a powder rather than a liquid. *Id.* at ¶ 16.

As a comparison, Adam stated in his answers to Sherwin Williams' interrogatories on September 29, 2011, that "[a]cetone was the only chemical that we were using for that job," and he "used acetone to clean floors on most floors that [he] stained." Def. Mot. to Enjoin *Mahoney II*, Ex. A, ECF No. 55–2, pp. 3–4. At the time of the hearing, the interrogatory responses had not been supplemented.

### 4. Discussion

The procedural path the case has so far followed could reasonably leave Sherwin Williams with an impression this Court's removal jurisdiction was being manipulated. However, on the current record, the Court cannot conclude there is any invalidity to Plaintiffs' explanation that information regarding Dye–N–Seal was later obtained, requiring the pursuit of claims against non-diverse entities. The proper resolution of the current jurisdictional dispute is thus difficult to identify; but the parties have offered a seemingly reasonable approach.

At the hearing, counsel for both parties agreed that if Gierke ceased to be a party in *Mahoney II* for any reason, they would consent to discontinuing the state action in favor of litigating in federal court in *Mahoney I*, so long as Plaintiffs could then add ADCS to *Mahoney I* in order to try their case against all of the defendants in one forum.

### III. CONCLUSION

The Court finds that a stay in this case will best protect the rights of both parties based on the current record. A stay will allow Plaintiffs to try their case against all named Defendants in *Mahoney II*, and it will also ensure a federal forum if Gierke was improperly joined or otherwise is removed from the case. Therefore, all pretrial deadlines in *Mahoney I* are vacated, as is the trial setting, until further order by this Court. The parties are ordered to advise this Court within 10 days of any action in *Mahoney II* that results in Gierke no longer being a party to the state case. Based upon the representations of the parties that given such removal of Gierke from the state case that *Mahoney II* will be dismissed, this Court will lift the stay in *Mahoney I*. Upon lifting the stay, the Court will address a new scheduling order that, if necessary, will include the adding of parties.

For the reasons stated, Plaintiffs' Motion for Voluntary Dismissal, ECF No. 52, is **denied in part** and **granted in part,** and Sherwin Williams' Motion to Enjoin Plaintiffs From Further Prosecuting Their Later Filed State Court Action, ECF No. 55, is **denied.** Given the resolution of the current motions, the Court denies Sherwin Williams' request for fees and costs as moot.

**IT IS SO ORDERED.**